◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BAUER, Appellant

On December 16, 1984, the defendant, a member of the Pagan Motorcycle Club, participated in a charity function

known as "The Toys for Tots Run" which was held in front of a Harley Davidson dealership on Route 109. A member of the Suffolk County Police force positioned his marked vehicle where he could monitor the Pagans' activities. The police officer took several photographs of various Pagans from inside of the police vehicle, including three photographs of the defendant as he stood in front of the Harley Davidson dealership.

On December 24, 1984, the defendant assaulted two men who provided the police with a description of their assailant, noting that he wore a jacket with a "Pagan" emblem. The victims identified the defendant from the three photographs taken at the "Toys for Tots" function and from two additional photographs obtained on prior occasions, which were included in a vast array of photographs of various Pagan members. Following the defendant's arrest, both victims identified him at a lineup.

We reject the defendant's contention that the taking of the photographs by the police officer at the "Toys for Tots" function violated his constitutional rights. At the suppression hearing the defendant testified that the "Toys for Tots" function was public and that signs were posted inviting the public to it. Having made himself readily available for public viewing, the defendant could not have any reasonable expectation that his activities on a public street or sidewalk could not be scrutinized (cf., Katz v United States, 389 US 347). Where police surveillance is confined to activities openly conducted in a public place there is no Fourth Amendment intrusion (see, People v Reynolds, 71 NY2d 552). As stated by the court in People v Howard (90 Misc 2d 662, 664) "[t]here is certainly nothing unlawful about a person, even one who is a police officer, simply snapping pictures of someone else".

In view of our determination, we need not reach the question of whether the police properly obtained photographs of the defendant on two prior occasions.

We have examined the defendant's remaining contentions and find them to be without merit. Weinstein, J. P., Eiber, Sullivan and Balletta, JJ., concur.