■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARMAINE WILKINS, Appellant. [781 NYS2d 702]—

Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered January 27, 2003, convicting him of robbery in the first degree and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain evidence.

Ordered that the judgment is affirmed.

Between approximately 9:25 P.M. and 10:15 P.M. on August 1, 2001, the defendant participated in two separate carjackings. On August 2, 2001, a car that was involved in one of the carjackings was also involved in a collision in Hempstead, New York. The defendant, observed by a police officer with a group of men near the scene of the accident, consented to be photographed. The defendant was arrested on August 22, 2001, after one of his accomplices identified him from the photographs taken on August 2, 2001, as a participant in the two prior carjackings.

Contrary to the defendant's argument on appeal, the circumstances were sufficient to justify the police officer's conduct in approaching him, and requesting his consent to be photographed (*cf. People v Campbell*, 271 AD2d 693 [2000]). "There is certainly nothing unlawful about a person, even one who is a police officer, simply snapping pictures of someone else" (*People v Howard*, 90 Misc 2d 662, 664 [1977]; *see People v Bauer*, 140 AD2d 450, 451 [1988]). In any event, the defendant's arrest was based on probable cause that was derived not only from the photographic identification of him, but also from the statements that certain of his accomplices made in which they implicated him in the two carjackings.

The defendant's remaining contentions are without merit. Prudenti, P.J., Ritter, Cozier and Skelos, JJ., concur.