■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON SOSA, Appellant. [700 NYS2d 133] —Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered February 6, 1997, convicting defendant, after a jury trial, of attempted robbery in the first degree (two counts), attempted robbery in the second degree (two counts), assault in the first degree, assault in the second degree (three counts), criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him to an aggregate term of 11 to 22 years, unanimously affirmed.

By calling into question the credibility of a store employee's testimony concerning his observation of defendant entering the store on the night of the robbery in question, and particularly by asking the employee whether he had any reason to note defendant's presence in the store, defendant opened the door to testimony that the reason the employee noticed defendant was that he suspected him of previous uncharged thefts from the store (see, People v Melendez, 55 NY2d 445, 451-452; People v Gilliard, 171 AD2d 531, lv denied 77 NY2d 995). We conclude that the probative value of this testimony outweighed its prejudicial effect. At trial, the defense refused the prosecutor's offer to forego the challenged testimony if defendant would stipulate that the witness saw him enter at that time and date. We reject defendant's suggestion that it would have sufficed simply to elicit the fact that the employee had seen defendant in the store on prior occasions, since we conclude that such a limitation would have deprived the jury of the full explanation for the employee's focus on defendant. The court minimized the prejudicial effect of this testimony through a careful limiting instruction, and it is presumed that the jury understood and followed the court's instruction (People v Davis, 58 NY2d 1102, 1104). Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Buckley, JJ.