■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MATTHEWS, Appellant. [714 NYS2d 479] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered September 22, 1997, convicting defendant, after a jury trial, of robbery in the first degree, burglary in the third degree (two counts) and resisting arrest, and sentencing him to concurrent terms of 6 to 12 years, 2⅓ to 7 years, 2⅓ to 7 years and 1 year, and order, same court and Justice, entered on or about March 17, 2000, which denied defendant's motion to vacate the judgment of conviction, unanimously affirmed.

Defendant's CPL 440.10 motion, made on the ground of ineffective assistance of counsel, was properly denied after a thor-

ough hearing. The record of the trial and CPL 440.10 hearing establishes that defendant received meaningful representation. Defense counsel's failure to serve a timely and sufficient alibi notice, resulting in the partial preclusion of alibi testimony relating to one of the two burglary incidents, did not prejudice the defense or deny defendant a fair trial (*see, People v Benevento*, 91 NY2d 708, 713-714; *People v Hobot*, 84 NY2d 1021, 1024). The precluded portion of the alibi testimony had very limited probative value because, even if found credible and accurate, it left a substantial gap in time within which defendant would have had the opportunity to commit the crime in question.

Contrary to defendant's argument, his conviction of robbery in the first degree was based on legally sufficient evidence. In this case, the court properly exercised its discretion in allowing the introduction of limited evidence of additional, uncharged, crimes committed by defendant in the same restaurant location and observed by the same witness, the restaurant manager. This evidence was probative of issues regarding the restaurant manager's ability to make an identification, including his reason for focusing on defendant, as well as tending to prove certain elements of the burglary charges, and the probative value of the evidence would have been unduly limited had the court adopted defendant's suggestion that only defendant's prior presence in the store be elicited (*see, People v Sosa*, 267 AD2d 106, *lv denied* 94 NY2d 953). We also note that the court gave extensive instructions specifying the limited purposes for which the evidence was to be considered.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Williams, Wallach, Saxe and Buckley, JJ.