■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT LOPEZ, Appellant. [719 NYS2d 844] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered April 22, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4\frac{1}{2}$ to 9 years, unanimously affirmed.

Contemporaneous uncharged sales were properly admitted to complete the narrative of events and to establish the extent of the officer's opportunity to observe defendant and make a reliable identification (see, People v Pressley, 216 AD2d 202, lv denied 86 NY2d 800).

The court's compromise Sandoval ruling balanced the appropriate factors and was a proper exercise of discretion (see, People v Walker, 83 NY2d 455, 458-459).

Defendant failed to preserve his argument that the mandatory minimum sentence is unconstitutional as applied (see, People v Ingram, 67 NY2d 897, 899), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the sentence does not constitute cruel and unusual punishment (see, People v Thompson, 83 NY2d 477). Concur—Williams, J. P., Mazzarelli, Andrias, Lerner and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SPENCE, Appellant. [719 NYS2d 845] —Judgment, Supreme Court, Bronx County (Efrain Alvarado, J.), rendered January 20, 1998, convicting defendant, after a nonjury trial, of manslaughter in the first degree, and sentencing him, as a second felony offender, to a term of 8 to 16 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis upon which to disturb the court's determinations concerning credibility. Concur—Williams, J. P., Mazzarelli, Andrias, Lerner and Friedman, JJ.