■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY LANE, Appellant. [724 NYS2d 842] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered August 30, 1999, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

Where the People alleged that defendant entered a department store, with intent to shoplift, after having been barred from the store, the court properly exercised its discretion in receiving limited evidence that the reason for defendant's exclusion from the store was a prior shoplifting incident (*see, People v Alvino*, 71 NY2d 233, 242). This evidence was probative of defendant's full awareness that he had "defie[d] a lawful order not to enter or remain" (Penal Law § 140.00 [5]). Defendant's signed acknowledgment, on the prior occasion, of his exclusion from the store would have had only limited probative value in the absence of any explanation of the reason for such exclusion (*cf., People v Matthews*, 276 AD2d 385, *lv denied* 96 NY2d 736). We note that the court only admitted evidence of the most recent of seven shoplifting incidents.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 458-459; *People v Mattiace*, 77 NY2d 269, 275-276; *People v Pavao*, 59 NY2d 282, 292). Defendant's prior theft-related convictions were highly relevant to his credibility and the court minimized potential prejudice by imposing appropriate limitations. Concur—Nardelli, J. P., Tom, Andrias, Rubin and Marlow, JJ.