■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER JULIUS, Appellant. [751 NYS2d 486] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered August 23, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5½ to 11 years, unanimously affirmed.

The grand jury minutes establish that the grand jurors who considered and voted on the indictment were present for all "essential and critical" evidence (*see People v Collier*, 72 NY2d 298, 301). In this complex presentation involving multiple sales, undercover officers and defendants, defendant complains that some grand jurors were absent for certain testimony. However, the testimony at issue, to the extent that it related to defendant's indictment, constituted "background and explanatory material" (*People v Saperstein*, 2 NY2d 210, 219, *cert denied* 353 US 946) that was admissible (*see* discussion of uncharged crimes issue, *infra*) but not essential to the grand

jury's function. Defendant's claim that the prosecutor improperly re-presented his case without court approval is unpreserved (*see People v Brown*, 81 NY2d 798), and we decline to review it in the interest of justice. Were we to review this claim, we would find that it is without support in the record (*see People v Gelman*, 93 NY2d 314).

This Court's prior orders, dated March 28, 2002 and June 18, 2002, which denied defendant's motions to unseal the grand jury minutes, are dispositive of defendant's claim, offered in connection with the motions and repeated in his appellate brief, that the absence of such minutes unduly hinders his ability to present an appeal (*see People v Alvarado*, 269 AD2d 104, *lv denied* 94 NY2d 916). In any event, defendant has not established a compelling need for these minutes, and there is no basis upon which to depart from our prior determinations (*see People v Robinson*, 98 NY2d 755).

Evidence of two uncharged sales occurring within minutes of the charged sale was properly admitted to establish the officers' ability to make reliable identifications, in this case where defendant claimed mistaken identity, as well as to complete the narrative and to explain the officers' actions (*see People v Carter*, 77 NY2d 95, 107, *cert denied* 499 US 967; *People v Lopez*, 279 AD2d 265, *lv denied* 96 NY2d 785; *People v Pressley*, 216 AD2d 202, *lv denied* 86 NY2d 800). The probative value of the challenged evidence outweighed its prejudicial effect. Defendant's claim that the court should have sanitized the testimony and limited the officers to testifying about defendant's presence at the scene is unavailing since such a limitation would have deprived the jury of the full explanation of the officers' focus on defendant (*see People v Sosa*, 267 AD2d 106, *lv denied* 94 NY2d 953).

We perceive no basis for reducing the sentence. Concur—Nardelli, J.P., Tom, Ellerin, Friedman and Marlow, JJ.