**Michael MATTHEWS, Petitioner–Appellant,**

v.

**William MAZZUCA, Superintendent, Fishkill Correctional Facility, Respondent–Appellee.**

No. 04–0528.

United States Court of Appeals, Second Circuit.

Jan. 28, 2005.

Robin C. Smith, Brooklyn, New York, for Appellant.

Robin A. Forshaw, Assistant Solicitor General (Daniel Smirlock, Deputy Solicitor General, on the brief; Megan P. Davis, Assistant Attorney General), for Eliot Spitzer, Attorney General of the State of New York, New York, New York, for Appellee, of counsel.

PRESENT: OAKES, RAGGI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Matthews, who was convicted after a 1997 jury trial in New York Supreme Court on one count of first-degree robbery, two counts of third-degree burglary, and one count of resisting arrest for incidents occurring on three separate dates, asserts that he was entitled to federal habeas relief from the district court on either of two grounds: (1) the ineffective assistance of trial counsel in investigating and preserving an alibi defense to the October 15, 1996 burglary charge; and (2) the state trial court's violation of his Sixth Amendment right to present favorable witness testimony in his own defense against the same burglary charge.[1] We review

---

1. Matthews was not granted a certificate of appealability to challenge either his convic- tion for first-degree robbery on April 13, 1996, or his conviction for third-degree bur-

the district court's denial of Matthews's habeas petition de novo, *see Anderson v. Miller,* 346 F.3d 315, 324 (2d Cir.2003), assuming the parties' familiarity with the facts and record of proceedings to date, which we reference only to explain our disposition.

## 1. *Ineffective Assistance of Counsel*

A petitioner seeking to vacate a state conviction on the ground of ineffective assistance of counsel confronts a heavy burden. Not only must he demonstrate that counsel's representation failed the two-prong test articulated in *Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (requiring demonstration that (1) counsel's performance "fell below an objective standard of reasonableness" and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different"), he must also show that the state court's rejection of his Sixth Amendment challenge was not simply erroneous, but was "'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,'" *Yarborough v. Gentry,* 540 U.S. 1, 5, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (quoting 28 U.S.C. § 2254(d)(1)). Matthews cannot pass this stern test.

■ Specifically, Matthews fails to show that, but for counsel's purported errors in presenting an alibi defense, there is a reasonable probability that the jury would not have found him guilty. *See Strickland v. Washington,* 466 U.S. at 694, 104 S.Ct. 2052 ("A reasonable probability is a probability sufficient to undermine confidence in

the outcome."); *accord Aparicio v. Artuz,* 269 F.3d 78, 95 (2d Cir.2001). The only "alibi" evidence excluded from jury consideration was defense witness Joaquin Dean's testimony as to the time that he and Matthews arrived in New York from Miami on October 15, 1996—approximately 4:00 to 4:15 p.m.—and the time the two men reconvened in Yonkers later that evening—approximately 7:00 to 7:30 p.m.[2] Because the prosecution's eyewitness testified that the October 15, 1996 burglary occurred between 5 p.m. and 10 p.m., *see Matthews v. Mazzuca,* 2003 U.S. Dist. LEXIS 16713, at *4–*5, 2003 WL 22208358, at *2 (citing Trial Tr. at 93), however, there is no "reasonable probability" that Dean's excluded testimony would have yielded a different verdict, *Strickland v. Washington,* 466 U.S. at 694, 104 S.Ct. 2052. Dean could not account for Matthews's whereabouts in the three hours—between 4:00–4:15 and 7:00–7:30—that corresponded with the estimated time of the burglary.

In sum, because Matthews fails to demonstrate that he was prejudiced by counsel's purported errors, we conclude that the state court did not unreasonably apply established Supreme Court precedent in rejecting this claim.

## 2. *Denial of Right to Present Defense*

■ Matthews asserts that the state court's preclusion of Dean's testimony as to the time of his contacts with Matthews on October 15, 1996, violated his Sixth Amendment right to present favorable witness testimony in his own defense as recognized by the Supreme Court in *Taylor v. Illinois,* 484 U.S. 400, 108 S.Ct. 646, 98

glary and resisting arrest on October 23, 1996.

**2.** Matthews's testimony on his own behalf at trial was inconsistent with Dean's excluded

testimony; Matthews recalled arriving in New York earlier on October 15, 1996, than Dean had recounted.

L.Ed.2d 798 (1988). Because this claim was rejected by the state court on procedural grounds, *see People v. Matthews*, 276 A.D.2d 385, 386, 714 N.Y.S.2d 479, 481 (N.Y.App.Div.2000) (holding that claim was "unpreserved" for appellate review), its merits may not be reviewed on a federal habeas challenge absent a showing of (1) good cause to excuse the procedural default and ensuing actual prejudice or (2) a miscarriage of justice, *see Murray v. Carrier*, 477 U.S. 478, 492, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *accord DiGuglielmo v. Smith*, 366 F.3d 130, 135 (2d Cir. 2004).

Matthews presents no argument to satisfy the cause-and-prejudice test. Instead, his brief conclusorily asserts that exclusion of a portion of Dean's testimony "probably resulted in the conviction of one who is actually innocent." Appellant Br. at 21; *see also id.* at 27. A "miscarriage of justice" may be found "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, ——, 124 S.Ct. 1847, 1852, —— L.Ed.2d ——, —— (2004) (quoting *Murray v. Carrier*, 477 U.S. at 496, 106 S.Ct. 2678). "To establish actual innocence, however, a habeas petitioner must demonstrate that 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (quoting Henry J. Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments*, 38 U. Chi. L.Rev. 142, 160 (1970))). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* Applying these principles to this case, we conclude that, even considering Dean's precluded testimony as part of the totality of the evidence, Matthews fails to demonstrate that it is more likely than not that no reasonable juror would have convicted him. As we have already noted in rejecting Matthews's ineffective assistance claim, the October 15, 1996 burglary could well have taken place during a three-hour period for which Dean could give no account. Since Matthews fails to demonstrate that he is actually innocent of this burglary, we hold, as the district court did, that his defaulted challenge regarding his right to present his defense is barred from federal habeas review.

The district court's September 23, 2003 judgment denying Matthews's § 2254 petition for a writ of habeas corpus is hereby AFFIRMED.