THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN SANTIAGO, Appellant. [813 NYS2d 152]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered March 4, 2004, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court properly allowed the complainant's testimony with regard to her husband's terminal illness and ultimate death. The testimony of illness was not contrary to the court's pretrial in limine ruling, and related to the contents of the stolen pocketbook including, inter alia, the husband's medications and hospice papers. These facts, and the complainant's efforts to retain and retrieve her pocketbook, were "inextricably interwoven" in the narrative of events (*see generally People v Jones,* 9 AD3d 374 [2004]; *People v Darwin,* 248 AD2d 549 [1998]; *People v Webb,* 222 AD2d 466 [1995]).

On cross-examination, defense counsel asked the complainant if she was angry at the man who robbed her. An argument raised by defense counsel in summation was that the complainant's identification of the defendant was unreliable because of her anger. The complainant's response on cross-examination, that she had been robbed of her last days with her husband before his death, while contrary to the in limine ruling in mentioning her husband's passing, was nevertheless properly admitted into evidence as defense counsel's question opened the door to the complainant's explanation of her anger (*see People v Massie,* 2 NY3d 179, 183-184 [2004]; *People v Summers,* 20 AD3d 546 [2005]; *People v Sosa,* 267 AD2d 106 [1999]).

The defendant's contention that the prosecutor's comments during summation require reversal is largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Tonge,* 93 NY2d 838, 839-840 [1999]; *People v Livigni,* 288 AD2d 323, 324 [2001]). In any event, the prosecutor's comments were either reasonable responses to defense counsel's summation (*see People v Galloway,* 54 NY2d 396, 400 [1981]) or were fair comment on the evidence (*see People v Woody,* 9 AD3d 439, 440 [2004]; *People v Campbell,* 271 AD2d 693 [2000]). Accordingly, the defendant was not deprived of his right to a fair trial. Miller, J.P., Luciano, Lunn and Dillon, JJ., concur.