■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARSHALL WILDS, Appellant.—Judgment, Supreme Court, New York County (Allen M. Myers, J.), entered November 14, 1986, which, after a jury trial, convicted defendant of the crime of grand larceny in the third degree (Penal Law

§ 155.30), and sentenced him, as a predicate felon, to an indeterminate prison term of from 2 to 4 years, and imposed a $100 surcharge, is unanimously reversed, on the law and on the facts, judgment vacated, and the matter remanded for a new trial.

On the evening of April 14, 1986, Mr. Marshall Wilds (defendant) was arrested for stealing a 1976 Oldsmobile from Mr. Domingo Concepcion (Mr. Concepcion). Thereafter, by indictment number 2616, filed April 21, 1986, a New York County Grand Jury charged, in a three-count indictment, that defendant committed the crimes of grand larceny in the third degree (Penal Law § 155.30), criminal possession of stolen property in the second degree (Penal Law § 165.45), and unauthorized use of a vehicle in the third degree (Penal Law § 165.05).

At trial the People presented the only witnesses. The case against defendant consisted primarily of the testimony of victim Mr. Concepcion, and expert testimony that, on the day of the theft, the value of the stolen car exceeded $250.

In substance, Mr. Concepcion testified as follows:

At approximately 8:30 P.M. on April 14, 1986, Mr. Concepcion left his unlocked Oldsmobile, with the engine running, on Broadway, between 175th and 176th Streets, while he went into a nearby store. When he returned to the street, Mr. Concepcion discovered his car was gone. After borrowing another car and picking up his cousin, Mr. Concepcion and his cousin searched the area, until, shortly after 9:00 P.M., they saw Mr. Concepcion's missing vehicle, parked on the southbound side of Amsterdam Avenue, between 143rd and 144th Streets. Inside the subject car, defendant, who was in the driver's seat, was apparently examining papers. Furthermore, the Oldsmobile's engine was running, the interior lights were on, and the driver's door was open.

Immediately, Mr. Concepcion made a U-turn, and pulled up in front of his own car. By this time, defendant had one leg and part of his body outside of the vehicle. As Mr. Concepcion exited the borrowed car and approached the defendant, he turned off the engine in Mr. Concepcion's car and exited it. In response to Mr. Concepcion's inquiry as to whether he owned the car, defendant first claimed he did, then punched Mr. Concepcion in the face, threw the car keys to the ground, and ran away. Thereupon, Mr. Concepcion pursued defendant, and, after a short chase, caught him. Thereafter, within minutes, the police arrived and arrested defendant.

Following summations and the charge, the jury found defendant guilty of the crime of grand larceny in the third degree.

Before us, the defendant contends that he was deprived of his due process right to a fair trial, since the trial court erred, by permitting members of the jury to engage in premature deliberations. The basis for the defendant's contention is that the trial court, over defense objection, permitted several members of the jury to comment upon and question Mr. Concepcion's direct testimony prior to its conclusion.

While we have held that a trial court should have discretion to determine, based upon the circumstances of the case, whether to permit jurors' questions (see, People v Knapper, 230 App Div 487, 492 [1st Dept 1930]), we view with disfavor the practice followed by the trial court, in the instant case, of allowing jurors to spontaneously comment upon and propound questions without the prior approval of the trial court. Therefore, we hold that the best practice is for the trial court to instruct the jury, prior to the taking of testimony, to submit all inquiries, comments or questions in writing, in order that the trial court can insure that the inquiry, comment or question is in legally proper form, and not prejudicial.

Our review of the trial transcript indicates the trial court repeatedly permitted jurors to comment upon and propound questions to Mr. Concepcion during his direct examination, and we find that the trial court, by permitting these comments and questions, abused its discretion, since the jurors making them engaged in improper premature deliberations. The Court of Appeals in People v Townsend (67 NY2d 815, 817 [1986]) stated "An evaluation of the sufficiency of the evidence presented should be made *only* when the jurors retire to deliberate, after summation by counsel and charge by the court" (emphasis supplied).

In the instant case, while Mr. Concepcion was testifying, juror No. 8 speculated as to why it took Mr. Concepcion so long to identify the defendant in court; juror No. 9 expressed his confusion about whether the People had established when the defendant turned the lights out in the stolen car; and juror No. 1 appeared confused about whether Mr. Concepcion picked up his cousin at the cousin's workplace or residence. We find that these comments by jurors about aspects of Mr. Concepcion's testimony, in the context of the instant case, constituted some examples of their improper and premature deliberations (People v Townsend, supra).

In the course of the trial, the trial court instructed the jury

that they did not need to have all of their questions answered in order to convict the defendant. For the purpose of attempting to simplify this charge, the trial court used the analogy of a jigsaw puzzle of Abraham Lincoln. Thus, the trial court stated, in pertinent part: "So the point of all of this is that some of your questions may never be answered. So what. It's not a jigsaw puzzle, it's not a game you are going to get all the pieces which the Prosecution feels it has to give you in order to make out a case beyond a reasonable doubt. If it makes out its case beyond a reasonable doubt even though some questions are unanswered, even though there [are] some blank spaces in the jigsaw puzzle you will say so you are convinced beyond a reasonable doubt that this is a portrate *[sic]* of Abraham Lincoln. Prove it. Guilty. And if you can't tell what the picture is, too many blank spaces then you say not proven. Not guilty." The defense objected to the charge.

Further, we believe that the average American juror would recognize a jigsaw puzzle of Abraham Lincoln long before all of the pieces are in place. Obviously, this is not the quantum of proof required in a criminal case. Accordingly, after reviewing those instructions, we find them to be error, since they diminished the People's burden of proof and permitted the conviction of the defendant, based upon a standard less than that of beyond a reasonable doubt.

In view of the errors discussed *supra,* we reverse, and remand for a new trial.

We have considered the other contentions of the defendant, and find them to be without merit. Concur—Kupferman, J. P., Ross, Asch, Carro and Rosenberger, JJ.