■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTIAGO ROLDAN, Appellant.—Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered August 3, 1988, convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent, indeterminate terms of imprisonment of five to ten years, unanimously affirmed.

Defendant was arrested when police officers, from an observation post, observed him engage in several narcotics sales. At the beginning of deliberations, the jury asked for various items of physical evidence, as well as certain lab reports and the lab reports that had not been entered into evidence. The court, without objection, instructed a court officer to advise the jurors that the reports were not in evidence. On appeal, defendant contends that the procedure violated his right to be present at his trial, and constituted an improper delegation of the court's function.

Neither claim has been preserved for appellate review as a matter of law. Were we to consider defendant's arguments in the interest of justice, we would find them without merit. Defendant was not absent during a "material" part of the trial, and the court officer did not convey any instruction that concerned defendant's ability to defend himself. *(People v Mullen,* 44 NY2d 1, 5; *People v Velasco,* 77 NY2d 469; *People v Van,* 161 AD2d 326, *lv denied* 76 NY2d 867.)

We also find that the court's decision to adjourn the case for one day before the start of jury selection was not an abuse of discretion. Concur—Murphy, P. J., Sullivan, Asch, Kassal and Rubin, JJ.