■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAJCO BACIC, Appellant. [608 NYS2d 452] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered December 24, 1991, convicting defendant, after a jury trial, of robbery in the first degree (two counts) and criminal possession of a weapon in the second degree (two counts), and sentencing him, as a second violent felony offender, to consecutive terms of 10 to 20 years and 7 to 14 years on each robbery count to run concurrently with consecutive terms of 5 to 10 years on each weapon possession count, unanimously affirmed.

It was within the trial court's discretion to permit jurors to submit written questions of a witness, striking those it deemed improper and posing the rest to the witness *(see, People v Wilds,* 141 AD2d 395, 397), even if the purpose of the questions was to elicit facts overlooked by counsel *(see, People v Knapper,* 230 App Div 487, 492). Defendant's argument that these questions show that the jury commenced deliberations prematurely is unpreserved, defendant having failed to make a specific objection to this effect *(People v Fleming,* 70 NY2d 947), and, in any event, not supported by the record.

Defendant's act of slashing his wrist in court, after both sides rested, did not warrant a new CPL article 730 hearing to determine his competency to stand trial. Neither the People nor defense counsel requested such a hearing, and the court properly concluded defendant's behavior was coldly calculated behavior. Finally, defendant's claim that he received ineffective assistance of counsel cannot be evaluated on the record. His remedy for such a claim is a CPL 440.10 motion. Concur— Sullivan, J. P., Rosenberger, Ross, Rubin and Williams, JJ.