■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SALAMAN, Appellant. [647 NYS2d 739] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered January 27, 1994, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, and sentencing him, as a second violent felony offender, to concurrent terms of 5 to 10 years and 3 to 6 years, respectively, unanimously affirmed.

The court "meaningfully" responded to the jury's note and correctly informed the jury that they were not entitled to the Grand Jury transcript since it was not in evidence (*People v Almodovar,* 62 NY2d 126, 131-132; *see,* CPL 310.30; *People v O'Rama,* 78 NY2d 270). The court had no duty to advise the jury that they were entitled to evidence that they had very clearly not asked for.

A prosecutor has broad latitude in summation, particularly in responding to the defense counsel's summation (*People v Galloway*, 54 NY2d 396). The prosecutor did not improperly vouch for his witnesses. Instead, the summation was fair response to defense attacks on the credibility and veracity of the People's witnesses. Nor did the prosecutor denigrate the defense; rather, he argued that certain defense testimony and arguments were illogical and inconsistent. Defendant's contention that the prosecutor improperly commented on his post-arrest silence is unpreserved for appellate review, since the defense objection was sustained and no further relief was sought, and we decline to review it in the interest of justice. Were we to review it, we would find the indirect references were in fair response to the defense explanation of why defendant did not surrender the gun he claimed to have temporarily obtained when he disarmed the People's witness. Concur—Sullivan, J. P., Rosenberger, Kupferman, Tom and Mazzarelli, JJ.