■ The People of the State of New York, Respondent, v Jack E. Hamm, Jr., Appellant. [680 NYS2d 21] —Carpinello, J. Appeal from a judgment of the County Court of Fulton County (Jung, J.), rendered July 26, 1996, upon a verdict convicting defendant of the crimes of aggravated unlicensed operation of a motor vehicle in the first degree, resisting arrest and driving while ability impaired.

On August 5, 1995 Police Officer Donald Van Deusen of the City of Gloversville Police Department in Fulton County was on patrol when he observed defendant's vehicle traveling at a high rate of speed. When it crossed over the center line into the opposite lane of traffic, Van Deusen pulled defendant over. When defendant tried to exit the vehicle, Van Deusen ordered him to remain inside. In response to Van Deusen's request for his license, registration and proof of insurance, defendant, who smelled of alcohol, replied, "I don't have a license. You know that." After defendant failed three field sobriety tests, Van Deusen returned to the police car to retrieve an alcosensor (breathalyzer) kit. At this time, defendant fled on foot, ignoring Van Deusen's order that he stop. Prior to being captured a few hours later, defendant told a friend that he was running from the police. Following a jury trial, defendant was convicted of aggravated unlicensed operation of a motor vehicle in the first

degree, resisting arrest and driving while ability impaired.[1] This appeal followed.[2]

Initially, we reject defendant's contention that his conviction for resisting arrest was legally insufficient in light of Van Deusen's testimony that he had not formally told defendant that he was under arrest prior to the time he fled the scene. It is "not necessary that [a] defendant be specifically informed that he was to be arrested in order for a resisting arrest conviction to stand; it is sufficient that such knowledge was inferable from the surrounding facts and circumstances" (*People v Gray*, 189 AD2d 922, 923, *lv denied* 81 NY2d 886). Here, viewing the evidence in the light most favorable to the People (*see*, *People v Contes*, 60 NY2d 620), we are convinced that the jury could rationally infer that defendant knew that he was not free to leave the scene and that he intended to prevent Van Deusen from performing a lawful duty in effecting an authorized arrest (*see*, *id.*; *see also*, *People v Clark*, 241 AD2d 710, *lv denied* 90 NY2d 1010; *People v Karim*, 176 AD2d 670).

We are similarly unpersuaded by defendant's contention that he was not afforded effective representation of counsel. Contrary to defendant's argument, defense counsel did not fail to object to prejudicial evidence at trial which was barred by CPL 200.60. Although Van Deusen testified that he knew defendant because he "had experience with [him] in the course of [his] employment" and also testified to defendant's admission that Van Deusen knew that he had no driver's license, we disagree that this evidence clearly implied to the jury that defendant had lost his license through a prior conviction in violation of CPL 200.60 (*see*, *People v Cooper*, 78 NY2d 476). Individuals can know police officers without having been arrested by them and defendant's unlicensed status does not necessarily imply that it was caused by a prior revocation. No evidence of a prior conviction was admitted (*see*, *People v Woodrow*, 212 AD2d 834, *lv denied* 85 NY2d 982) and, viewing the evidence in its totality, we conclude that defendant was provided with meaningful representation under the circumstances (*see*, *People v Strempack*, 134 AD2d 799, *affd* 71 NY2d 1015).

---

1. Defendant was previously convicted of driving while intoxicated resulting in the revocation of his license, a fact charged in a separate information and admitted by defendant outside the presence of the jury (*see*, CPL 200.60).

2. We note that defendant's first assigned appellate counsel submitted a brief to this Court seeking to be relieved of his assignment on the ground that there were no nonfrivolous issues in the case. This Court disagreed with counsel's characterization of the appeal as frivolous (246 AD2d 926) and, consequently, counsel was relieved and new appellate counsel was assigned.

Cardona, P. J., Mikoll, Mercure and Peters, JJ., concur.
Ordered that the judgment is affirmed.