■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE CAMPBELL, Appellant. [707 NYS2d 187] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered October 21, 1996, convicting him of robbery in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The record supports the hearing court's determination that the defendant voluntarily accompanied the police to the precinct and consented to be photographed (*see generally, People v Gonzalez,* 39 NY2d 122, 128-130). The defendant was subsequently identified in a photo array and line-up by a witness to the robbery. As "[c]onsent is a valid substitute for probable cause" (*People v Hodge,* 44 NY2d 553, 559; *see, People v Melendez,* 227 AD2d 646; *People v Barclift,* 140 AD2d 615), the defendant's contention that identification evidence should have been suppressed as the fruit of an illegal arrest is without merit.

The majority of the defendant's challenges to the prosecutor's remarks on summation are unpreserved for appellate review (*see, People v Tevaha,* 84 NY2d 879). In any event, the remarks made by the prosecutor do not require reversal. They were proper responses to arguments made by defense counsel during summation and were fair comment on the evidence (*see, People v Lamour,* 203 AD2d 388; *People v Draksin,* 145 AD2d 500).

The defendant's remaining contentions are without merit. O'Brien, J. P., Thompson, S. Miller and H. Miller, JJ., concur.