■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RODRIGUEZ, Appellant. [728 NYS2d 439] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered May 11, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5½ to 11 years, unanimously affirmed.

The court's *Sandoval* ruling, which permitted inquiry into whether defendant had been convicted of one felony and three misdemeanors since 1986, while precluding inquiry into the nature or underlying facts of those convictions and any inquiry into an older felony conviction, balanced the appropriate factors and was a proper exercise of discretion (*see*, *People v Walker*, 83 NY2d 455, 458-459).

The prosecutor's statement that defense counsel was providing two competing arguments was a fair response to counsel's

summation (*see, People v Salaman*, 231 AD2d 464, *lv denied* 89 NY2d 929). The remark could not have been construed by the jury as shifting the burden of proof, particularly in light of the court's charge on that subject (*see, People v Planca*, 225 AD2d 470, 471, *lv denied* 88 NY2d 968). Defendant's remaining challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Concur—Sullivan, P. J., Ellerin, Wallach, Rubin and Buckley, JJ.