OPINION OF THE COURT
Robert J. Collini, J.
Defendant is charged with criminal sale of a controlled substance in the third degree, as the result of a “buy and bust” operation.[1] A jury trial was conducted before this court.[2] During the prosecution’s direct examination of their first witness, a *405 juror raised her hand, as if in a classroom, in an effort to get the court’s attention. She then asked if she could pose a question to the witness.[3] The court advised the juror that it would not entertain probative questions of witnesses from individual jurors prior to jury deliberations.[4] This decision will explain the legal basis for that decision.
Under New York’s Criminal Procedure Law there is no statutory provision permitting, or authorizing, the questioning of a witness by a member of a jury (see CPL 260.30, 310.30).
New York’s Pattern Jury Instructions for civil cases contains a general instruction for courts to give if a juror seeks to ask a question of a trial witness (PJI3d 1:104 [2001]).[5] The commentary cites People v Knapper (230 App Div 487, 492) for the proposition that “[t]o what extent under the circumstances peculiar to the trial of each cause [sic] questions should be permitted by jurors, is a matter that should be left to the discretion of the trial court.” The commentary also notes that federal court judges have the discretion to permit, or deny, the questioning of a witness by a trial juror (citing United States v Lewin, 900 F2d 145; United States v Land, 877 F2d 17, cert denied 493 US 894; DeBenedetto by DeBenedetto v Goodyear Tire & Rubber Co., 754 F2d 512; United States v Callahan, 588 F2d 1078, cert denied 444 US 826; United States v Witt, 215 F2d 580, cert denied 348 US 887).
In Knapper (230 App Div 487), the defendant appealed his conviction on the basis that the trial court improperly refused to permit jurors to ask questions of a prosecution witness.[6] The Appellate Division, First Department, held that tne decision to allow jurors to ask questions of a trial witness “is a matter that should be left to the discretion of the trial court” (Knapper, 230 App Div at 492).
In People v Riley (92 AD2d 576), the defendant appealed from a conviction in which the trial court had instructed an *406 inquisitive jury that there was no procedure whereby a juror could ask a question during the course of a trial. The Appellate Division, Second Department, citing Knapper, held that the court’s statement was erroneous but not preserved for appeal.[7]
In People v Wilds (141 AD2d 395), the defendant appealed the trial court’s decision to permit jurors to spontaneously comment upon and pose questions to trial witnesses, without prior court approval. The Appellate Division, First Department, citing Knapper, held that because the trial court permitted jurors to comment upon and ask questions to witnesses, without court approval or monitoring, the court had abused its discretion and had permitted the jurors to engage in premature deliberations. The appellate court advised that “the best practice is for the trial court to instruct the jury, prior to the taking of testimony, to submit all inquiries, comments or questions in writing, in order that the trial court can insure that the inquiry, comment or question is in legally proper form, and not prejudicial” (Wilds, 141 AD2d at 397).
In People v Bacic (202 AD2d 234, lv denied 83 NY2d 1002), defendant appealed a trial court’s decision to permit jurors to submit written questions so the court could determine whether such questions should be posed to a trial witness. The Appellate Division, First Department, citing Wilds and Knapper, held that it was “within the trial court’s discretion to permit jurors to submit written questions of a witness, striking those it deemed improper and posing the rest to the witness” (Bacic, 202 AD2d at 235).
Since the decision rests in the discretion of the trial court, it is my practice not to permit jurors to submit questions for trial witnesses. Such practice would run the risk of turning jurors into advocates, possibly compromising their neutrality (United States v Thompson, 76 F3d 442, 448; United States v Bush, 47 F3d 511, 515; United States v Johnson, 892 F2d 707, 713 [Lay, Ch. J., concurring]). In my opinion, it would be difficult for jurors to be both active participants in the adversary process, embroiled in the questioning of witnesses, and at the same time detached observers, passing on the credibility of the witnesses and the plausibility of the facts presented (Johnson, 892 F2d at 713).
“The appropriate occasion for jurors to express skepticism is during deliberations, not during the trial. And the appropriate *407 time to start deliberations is after the jury has heard all the evidence, the arguments of counsel and the judge’s charge on the law” (Bush, 47 F3d at 515). At the very least, jury questioning of trial witnesses is a subliminal invitation to launch prematurely into evaluating the evidence (DeBenedetto, 754 F2d at 517).
Furthermore, jury questioning also creates the risk that jurors will ask prejudicial or otherwise improper questions (Johnson, 892 F2d at 713). “Most jurors have no training in the law, and cannot be expected to know what is admissible under the rules of evidence. Prejudicial lines of questioning vigorously pursued carry the added vice that a fellow juror’s imprimatur will lend the questions and answers added cachet” (Bush, 47 F3d at 515).
The case before the court is a routine “buy and bust” case. It does not involve any “factual intricacies” (United States v Ajmal, 67 F3d 12, 14). There appears to be no apparent need for any juror to question the prosecutor’s witnesses, especially during the course of that witness’ direct examination.
Accordingly, this court will not permit jurors to ask questions directly of witnesses during the course of the trial.

. Defendant is also charged with criminal possession of a controlled substance in the seventh degree.

. The trial resulted in a hung jury.

. Upon inquiring of the juror, without hearing the actual question, the court determined that the question was of a substantive nature, with respect to the case on trial.

. No objection was made by either party to this court’s decision not to entertain questions from the jury.

. “If any of you has a question to ask a witness or the cor rt, please write the question on a paper, and the court officer will deliver the question to me. For legal reasons, I must decide whether and how the question may be asked, and what procedure to follow.”

. The jury also proposed asking the defense attorney a question while the attorney was explaining a diagram to the jury. The question asked called for an answer that the attorney was not competent to give. The juror’s proposed question was later addressed by a trial witness.

. The court notes that the defendant in the pending matter did not preserve this issue for appeal (see People v Silvagnoli, 251 AD2d 76, 77, lv denied 92 NY2d 882).