■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH CHELLEL, Appellant. [762 NYS2d 922] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered January 3, 2001, convicting him of robbery in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court correctly denied that branch of his omnibus motion which was to suppress identification testimony. While lineup participants should have the same general physical characteristics as the suspect, there is no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance *(see People v Chipp,* 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Shaw,* 251 AD2d 686 [1998]). Since the lineup participants in this case were similar to the defendant in age, skin tone, and attire, any minor variations in their appearance did not render the lineup impermissibly suggestive or conducive to irreparable mistaken identification *(see People v Folk,* 233 AD2d 462 [1996]).

The defendant either failed to object to the portions of the prosecutor's summation which he challenges on appeal or offered only general objections. Thus, his present contentions are unpreserved for appellate review *(see People v Dien,* 77 NY2d 885 [1991]; *People v Brown,* 297 AD2d 819 [2002]). In any event, we find no basis to conclude that a new trial is required due to the prosecutor's remarks in summation. The prosecutor's

remarks may be characterized as fair comment on the evidence and fair responses to the defense counsel's statements in summation (*see People v Russo,* 201 AD2d 512 [1994], *affd* 85 NY2d 872 [1995]). Moreover, since the prosecutor did not state his personal belief regarding the truthfulness of the People's witnesses, it cannot be said that he improperly vouched for their credibility (*see People v Evans,* 291 AD2d 569 [2002]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Feuerstein, J.P., Schmidt, Mastro and Rivera, JJ., concur.