■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MILLER, Appellant. [779 NYS2d 187]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered March 28, 2001, as amended April 20, 2001, convicting defendant, after a jury trial, of murder in the first degree, murder in the second degree (two counts), robbery in the first degree, attempted robbery in the first degree and criminal possession of a weapon in the second and third degrees, and sentencing him to an aggregate term of 32½ years to life, unanimously affirmed. Order, same court and Justice, entered on or about October 11, 2002, which denied defendant's motion to vacate the judgment pursuant to CPL 440.10, unanimously affirmed.

The court properly exercised its discretion in denying defendant's request to introduce expert testimony on identification (*see People v Lee*, 96 NY2d 157 [2001]), particularly since one of the two identifying witnesses knew defendant for many years. "[E]ven without expert testimony, defendant was able to attack thoroughly the People's identification testimony through

cross-examination and summation arguments" (*People v Lopez*, 1 AD3d 168, 169 [2003], *lv denied* 1 NY3d 598 [2004]), and there is no reason to believe that the jury required expert testimony in order to evaluate the identification testimony. Accordingly, there was no violation of defendant's right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

The court also properly exercised its discretion in admitting negative identification evidence (*see People v Wilder*, 93 NY2d 352 [1999]). The prosecution sufficiently established a threshold relevancy to warrant admission of the evidence, and its probative value outweighed any possible prejudicial effect.

It was not an improvident exercise of discretion for the court to permit jurors to submit written questions to be posed to witnesses, and then to permit the prosecutor to ask appropriate questions based on the jurors' notes (*see People v Bacic*, 202 AD2d 234 [1994], *lv denied* 83 NY2d 1002 [1994]). The record, including the court's colloquy with the jurors who wrote the notes, fails to support defendant's claim that the jurors may have engaged in premature deliberations.

The court properly denied defendant's mistrial motion, made on the basis of a portion of the prosecutor's summation that evoked sympathy for the victim. The brief rhetorical flourishes at issue did not deprive defendant of a fair trial, particularly in view of the court's instruction to the jury to disregard any considerations of sympathy (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

The deliberating jury's request for exhibits, including its request for an item not in evidence, was not a request for substantive information that implicated defendant's right to meaningful notice of the request (*see People v Rosado*, 262 AD2d 62 [1999], *lv denied* 93 NY2d 1045 [1999]; *People v Porteous*, 193 AD2d 631 [1993], *lv denied* 82 NY2d 807 [1993]; *see also People v Damiano*, 87 NY2d 477, 487 [1996]). Similarly, a court officer's advice to the jury that the requested item was not available because it was not in evidence constituted a ministerial function, and defendant's presence was therefore not required (*see People v Bonaparte*, 78 NY2d 26 [1991]; *People v Roldan*, 173 AD2d 233 [1991], *lv denied* 78 NY2d 926 [1991]).

Defendant's absence from a reconstruction hearing concerning the court's handling of the jury's request for exhibits does not warrant a new hearing. Defendant, who was not present when the jury requested the exhibits, would not have been able to contribute to the reconstruction proceedings and his absence did not affect his ability to litigate the matter (*see People v Mullen*, 44 NY2d 1, 4-5 [1978]; *see also Snyder v Massachusetts*, 291 US 97, 108 [1934]).

Defendant is not entitled to vacatur of the second degree murder convictions, since second degree murder is not an inclusory concurrent count of first degree murder in that both crimes are class A-I felonies (*see* Penal Law §§ 125.27, 125.25; CPL 1.20 [37]; 300.30 [4]; *People v Abrew*, 95 NY2d 806 [2000]).

The court properly denied defendant's CPL 440.10 motion without a hearing. The trial record establishes that defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant's submissions did not warrant a hearing since his factual assertions were completely unsupported (*see People v Satterfield*, 66 NY2d 796, 799-800 [1985]; *People v Rosario*, 309 AD2d 537 [2003], *lv denied* 1 NY3d 579 [2003]).

Defendant's remaining contentions, none of which are exempt from normal preservation requirements (*see People v Agramonte*, 87 NY2d 765, 769-770 [1996]; *People v Thomas*, 50 NY2d 467, 472 [1980]), are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J.P., Andrias, Sullivan, Ellerin and Williams, JJ.