■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZACHARY WOODY, Appellant. [780 NYS2d 168]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered December 18, 1998, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecutor improperly elicited testimony from detectives and a confidential informant that they knew the defendant for several years prior to his arrest, thereby creating an inference that the defendant was a drug dealer. This contention is not preserved for appellate review since the defendant failed to object to the testimony he now challenges (*see* CPL 470.05 [2]; *People v Griffin*, 246 AD2d 668, 669 [1998]). In any event, this testimony did not deprive the defendant of a fair trial, since it " 'did not suggest to the jury that [the] defendant had engaged in prior misconduct, or had prior contact with law enforcement' " (*People v Gomez*, 253

AD2d 719 [1998], quoting *People v Greeman*, 235 AD2d 281, 282 [1997]).

As the defendant failed to object to the portions of the prosecutor's summation which he challenges on appeal, his present contentions are unpreserved for appellate review (*see People v Ravenell*, 307 AD2d 977, 978 [2003]; *People v Brown*, 297 AD2d 819 [2002]). In any event, the prosecutor's comments either were fair responses to the defense counsel's summation comments (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Salaman*, 231 AD2d 464, 465 [1996]), or were "fair comment on the evidence" (*People v Campbell*, 271 AD2d 693 [2000]; *see People v Lamour*, 203 AD2d 388 [1994]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Santucci, J.P., Schmidt, Townes and Rivera, JJ., concur.