■ The People of the State of New York, Respondent, v Joseph S. Adair, Appellant. [796 NYS2d 792]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered July 26, 2002. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (two counts) and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of two counts of robbery in the first degree (Penal Law § 160.15 [2], [4]) and one count of criminal possession of a weapon in the second degree (§ 265.03 [2]), defendant contends that the evidence is legally insufficient to support the conviction. Defendant failed to move to dismiss at the close of the People's case and thus failed to preserve his contention for our review (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, defendant's contention lacks merit (see People v Bleakley, 69 NY2d 490, 495 [1987]). Also contrary to defendant's contention, the verdict is not against the weight of the evidence (see id.; People v Zabala, 290 AD2d 578, 579 [2002], lv denied 97 NY2d 735 [2002]). In addition, defendant failed to preserve for our review his contention that the conviction was "tainted" by the reference of a police witness to defendant's admissions to involvement with other crimes with the codefendant (see People v Woody, 9 AD3d 439 [2004], lv denied 3 NY3d 713 [2004]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

Finally, we reject the contention of defendant that he was denied effective assistance of counsel. According to defendant, defense counsel failed to provide meaningful representation when he allowed defendant to make statements to the police concerning his involvement in other crimes without first securing from the People a promise that those statements would not be used against him in a subsequent prosecution. In addition, he contends that defense counsel was ineffective because he al-

lowed the police to question him on collateral matters without any promise that his responses to those questions would not be introduced at the trial at issue herein. Contrary to the contention of defendant, the record establishes that defense counsel provided meaningful representation by attempting to negotiate a favorable plea bargain with respect to the other crimes (*see generally People v Brown*, 305 AD2d 1068, 1069 [2003], *lv denied* 100 NY2d 579 [2003]), despite the fact that defendant ultimately rejected the plea offers. Upon our review of the record, we conclude that the "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that [defense counsel] provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Martoche and Smith, JJ.