THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL PHILLIPS, Appellant. [846 NYS2d 244]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brennan, J.), rendered July 22, 2004, convicting him of sodomy in the first degree, sexual abuse in the first degree (three counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We agree with the defendant that the Supreme Court should have instructed the jury to disregard certain testimony of the complainant's grandmother as prejudicial and nonresponsive. However, because the evidence of the defendant's guilt, without reference to the error, was overwhelming, and there is no reasonable possibility that the error might have contributed to the defendant's conviction, this error was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 243 [1975]; *People v Rush*, 44 AD3d 799 [2007]; *People v Francois*, 16 AD3d 699 [2005]).

The defendant failed to preserve for appellate review his contention that the Supreme Court erred in admitting testimony of a "prompt outcry" of sexual abuse (*People v Leveille*, 12 AD3d 533 [2004]; *see* CPL 470.05 [2]). In any event, the court properly admitted the testimony into evidence (*see People v Shelton*, 1 NY3d 614 [2004]; *People v Leveille*, 12 AD3d 533 [2004]).

The defendant failed to object to those portions of the prosecutor's summation which he now challenges on appeal, and consequently, his contentions in this regard are unpreserved for appellate review (*see People v Tonge*, 93 NY2d 838, 839-840 [1999]; *People v Woody*, 9 AD3d 439, 440 [2004]). In any event, the prosecutor's remarks were fair responses to defense counsel's statements in summation (*see People v Shelton*, 307 AD2d 370, 372 [2003], *affd* 1 NY3d 614 [2004]; *People v Ravenell*, 307 AD2d 977, 978 [2003]).

The defendant's remaining contentions raised in his pro se supplemental brief are without merit. Schmidt, J.P., Rivera, Santucci and Balkin, JJ., concur.