■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. CLARK, JR., Appellant. [858 NYS2d 847]—

Kane, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered October 30, 2006, upon a verdict convicting defendant of the crimes of criminal contempt in the second degree (three counts), attempted criminal contempt in the second degree (16 counts) and stalking in the third degree.

In February 2005, as a result of a confrontation between defendant and his former girlfriend, the Town Court of the Town of Waterford (Fusco, J.) issued a temporary order of protection requiring defendant to stay away from the girlfriend's home and place of employment and refrain from all contact with her. On March 18, 2005, defendant drove to the girlfriend's place of employment and followed her car after she left work. He was arrested but released on bail.

In August 2005, the Town Court of the Town of Halfmoon (Tollisen, J.) issued an order of protection requiring defendant to stay away from the girlfriend, her home and place of employment and refrain from any direct or indirect communication with her. The girlfriend alleged that in September 2005, defen-

dant broke into her home and assaulted her. While in jail after his bail was revoked, defendant attempted to make numerous telephone calls to the girlfriend. A 56-count indictment was filed, charging defendant with various degrees of criminal contempt, burglary, unlawful imprisonment and stalking. County Court partially granted defendant's subsequent motions by reducing some charges and dismissing others. After trial, a jury found defendant guilty of 16 counts of attempted criminal contempt in the second degree, three counts of criminal contempt in the second degree and one count of stalking in the third degree. Defendant appeals.

The evidence was legally sufficient to support all but one of the charges. Testimony from the girlfriend and her coworker established that defendant appeared at their place of employment on March 18, 2005, and the girlfriend further testified that, on the same day, defendant followed her on the highway at a close distance. She also testified about the continued contact he had with her from March 2005 through September 2005, providing a prima facie case of stalking and criminal contempt. Jail phone records and testimony from the jail administrator established that defendant dialed the girlfriend's home and cell phone numbers on numerous occasions, evincing an attempt to contact her in violation of the orders of protection. The evidence was insufficient to support count 43, however, which charged defendant with criminal contempt in the second degree by placing repeated telephone calls to the girlfriend from jail during October 2005. Defendant dialed phone numbers to reach her multiple times, but he never actually spoke to anyone or left a message. Thus, the conviction on count 43 cannot stand. Because the evidence shows that defendant attempted to communicate with her, we reduce this conviction to attempted criminal contempt in the second degree (*see* CPL 470.15 [2] [a]; *People v Colantonio*, 277 AD2d 498, 500 [2000], *lv denied* 96 NY2d 781 [2001]).*

Several of the convictions were not supported by the weight of the evidence. Defendant admitted that he maintained contact with the girlfriend from February 2005 through September 2005, despite his knowledge and understanding of the orders of protection. He also admitted dialing her home and cell phone numbers from jail, but testified that he did not intend to communicate with her and abandoned most of the calls by hanging up before giving his name, which was necessary before the automated collect-call system would connect his call. The jail

---

* We need not remit for resentencing on this count as defense counsel informs us that defendant has already served his sentence.

administrator's testimony indicated that the phone records were consistent with defendant's alleged abandonment of several calls. Because the evidence did not prove beyond a reasonable doubt that defendant attempted to contact the girlfriend on many of the occasions for which he was charged, as opposed to abandoning those calls before connection was possible, his convictions of attempted criminal contempt in the second degree under counts 13, 15, 17, 19, 21, 23, 27, 29, 31, 33 and 35 were against the weight of the evidence. His calls to her cell phone were attempts to contact her, as no connection was made due to the system's automatic blocking of cell numbers, not any abandonment of the calls by defendant. Additionally, he attempted to contact her through the two calls to her home that phone records showed were connected.

County Court did not err in denying defendant's motion to strike the letters he sent to the girlfriend's brother-in-law. The letters included information concerning defendant's knowledge that the orders of protection were in effect, his attitude toward the girlfriend and his intent to call her from the jail on at least one particular date. The court did not abuse its discretion in permitting this relevant and probative evidence to remain in the case (*see People v Primo*, 96 NY2d 351, 355 [2001]; *People v Westerling*, 48 AD3d 965, 968 [2008]; *People v Alvarez*, 38 AD3d 930, 931-932 [2007], *lv denied* 8 NY3d 981 [2007]).

Defendant contends that County Court erred in denying his *Batson* challenge when the People used their peremptory challenges on five male prospective jurors and only two females. Counsel failed to establish a prima facie case of purposeful discrimination so as to shift the burden to the People to provide a gender neutral explanation (*see People v Parker*, 49 AD3d 974, 977 [2008]). While defendant also contends that the court did not allow argument against the People's challenges of jurors for cause, he did not preserve this argument for our review (*see People v Kossman*, 46 AD3d 1104, 1106 [2007]).

County Court did not act improvidently when it discharged a sworn juror after the conclusion of proof but before deliberations began. The juror explained that she needed to return to college the next day, making her unavailable to continue serving on the jury. After questioning from the court, the juror responded that if she were required to remain on the jury she would be distracted to such an extent that it would interfere with her ability to properly deliberate. Defendant declined the offer to further question the juror and did not object to the sufficiency of the court's questioning (*see People v Danton*, 27 AD3d 354, 355 [2006], *lv denied* 7 NY3d 754 [2006]). Under the cir-

cumstances, the court properly determined that the juror was unavailable for continued jury service and discharged her (*see* CPL 270.35; *People v France*, 265 AD2d 424, 424 [1999], *lv denied* 94 NY2d 823 [1999]; *People v Sipas*, 246 AD2d 408, 408 [1998]).

Defendant did not preserve his argument that several counts of the indictment were duplicitous, as he did not move to dismiss the counts on that ground or object to the submission of those counts to the jury as they were factually particularized by County Court (*see People v Swackhammer*, 260 AD2d 939, 939 [1999], *lv denied* 93 NY2d 1028 [1999]; *see also People v Ward*, 42 AD3d 579, 581 [2007], *lv denied* 9 NY3d 883 [2007]). He failed to object to the verdict on count 47 as repugnant to his acquittal on other counts. By not raising this issue prior to the court discharging the jury, his contention is not preserved (*see People v Johnson*, 40 AD3d 1270, 1272-1273 [2007], *lv denied* 9 NY3d 877 [2007]; *People v Perry*, 27 AD3d 952, 953 [2006], *lv denied* 8 NY3d 883 [2007]).

Similarly, defendant did not preserve his contention that County Court improperly permitted jurors to question a witness (*see People v Bacic*, 202 AD2d 234, 235 [1994], *lv denied* 83 NY2d 1002 [1994]). While we will not address this unpreserved argument, we do note our general disapproval of the method employed here, namely permitting jurors to orally question a witness without any judicial screening of the questions or consultation with counsel concerning the process (*compare People v Wilds*, 141 AD2d 395, 397 [1988]).

Defendant further contends that the prosecutor made improper comments during summation and posed improper questions to defendant. These arguments are unpreserved due to defendant's failure to object. Although defense counsel did object during the prosecutor's opening statement, when viewed in the context of the entire opening statement, the comments at issue did not constitute an improper "safe streets" argument (*see People v Silvestri*, 34 AD3d 986, 987 [2006]).

Spain, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of the crimes of criminal contempt in the second degree under count 43 of the indictment and attempted criminal contempt in the second degree under counts 13, 15, 17, 19, 21, 23, 27, 29, 31, 33 and 35 of the indictment; reduce defendant's conviction under count 43 of the indictment to attempted criminal contempt in the second degree and dismiss defendant's convictions under counts 13, 15, 17, 19, 21, 23, 27, 29, 31, 33 and 35 of the indictment and vacate the sentences imposed thereon; and, as so modified, affirmed.