The People of the State of New York, Respondent,
against
Barry Mohammed, Defendant-Appellant.



In consolidated appeals, defendant appeals from (1) a judgment of the Criminal Court of the City of New York, New York County (Anthony J. Ferrara, J.), rendered June 11, 2012, after a jury trial, convicting him, of assault in the third degree and harassment in the second degree, and imposing sentence, and (2) a judgment (same court and Judge), rendered June 11, 2012, convicting him, upon a plea of guilty, of attempted criminal mischief in the fourth degree, and imposing sentence.




Per Curiam.
Judgment of conviction under docket number 2011NY008030 (Anthony J. Ferrara, J.), rendered June 11, 2012, affirmed. Appeal from judgment of conviction under docket number 2011NY052439 (Anthony J. Ferrara, J.), rendered June 11, 2012, dismissed as abandoned.
Defendant was convicted, after a jury trial, of assault in the third degree (see Penal Law § 120.00[1]) and harassment in the second degree (see Penal Law § 240.26[1]). The People's proof was strong and persuasive, including the credited testimony that defendant grabbed his ex-wife by the neck and dragged her for about 20 feet before he punched her in the face - knocking a tooth out of her mouth, loosening her other teeth, and fracturing a bone in her face - and then left her in a pool of her own blood. Indeed, defendant does not now challenge the conviction on sufficiency or weight of the evidence grounds.
It was within the trial court's discretion to permit jurors to submit written questions to witnesses, striking those questions it deemed improper and posing the rest to the witnesses (see People v Miller, 8 AD3d 176, 177 [2004], affd 6 NY3d 295 [2006]; People v Bacic, 202 AD2d 234, 235 [1994], lv denied 83 NY2d 1002 [1994]). Defendant's present challenge to the procedure in general, and the questions asked in particular , were, for the most part, unpreserved, since defendant did not object to the general procedure and, when he objected to particular [*2]questions, only one of his objections was overruled (see People v Holman, 47 AD3d 518 [2008], lv denied 10 NY3d 864 [2008]). We also decline to review these claims in the interest of justice. As an alternative holding, the record, including the questions posed and court's colloquy with the attorneys and the jurors, fails to support defendant's claim of prejudice or that the jurors may have engaged in premature deliberations (see People v Gonzalez, 50 AD3d 527 [2008], lv denied 10 NY3d 959 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concurI concur 
Decision Date: April 22, 2016