People v Schilling (2020 NY Slip Op 04056)





People v Schilling


2020 NY Slip Op 04056


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND BANNISTER, JJ.


618 KA 18-00262

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARLES W. SCHILLING, II, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (KAITLYNN E. SCHMIT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered November 3, 2017. The judgment convicted defendant upon a jury verdict of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]). The case arises from two incidents in 2015. On November 16, defendant appeared at the bedside of the victim, his girlfriend, while she was sleeping and startled her awake. Defendant told her to be quiet so as not to wake her father. They left the home of the victim and her father and got into the victim's truck. While the victim drove, defendant repeatedly asked the victim if she had made a pornographic video. Each time that she denied it, he struck her. During the incident, defendant struck the victim in the eye, nose, and lip, and he bit her arm. After the incident, the victim sought medical attention for her injuries. Photos of the injuries were received in evidence at trial. On November 26, defendant appeared at the victim's porch while her father was away. After trying to smash in the front door, defendant gained access to the home by kicking down a door to the garage. Defendant again accused the victim of making a pornographic video. The victim retrieved a gun and, when defendant went into her bedroom to get her computer, she fled. Defendant pursued her outside and, during the ensuing chase, the victim fell. With defendant bearing down on her, she shot him in the leg. A grand jury indicted defendant on a count of criminal trespass in the second degree (§ 140.15 [1]) for the November 16 incident and on a count of burglary in the second degree for the November 26 incident. After trial, the jury acquitted defendant of the former count, but convicted him of the latter count.
Defendant contends that he was denied his right to be present at all material stages of the trial because the record does not establish that he was present for sidebar conferences during jury selection. We reject that contention. " [A] sidebar interview that concerns a juror's background, bias or hostility, or ability to weigh the evidence objectively is a material stage of trial at which a defendant has a right to be present . . . , and a waiver by defendant [of that right] will not be inferred from a silent record' " (People v Cohen, 302 AD2d 904, 905 [4th Dept 2003]; see CPL 260.20; People v Antommarchi, 80 NY2d 247, 250 [1992], rearg denied 81 NY2d 759 [1992]). " There is[, however,] a presumption of regularity that attaches to judicial proceedings, and that presumption may be overcome only by substantial evidence to the contrary' " (People v Hawkins, 113 AD3d 1123, 1125 [4th Dept 2014], lv denied 22 NY3d 1156 [2014]; see People v Velasquez, 1 NY3d 44, 48 [2003]). We conclude that defendant failed to overcome the presumption of regularity with substantial evidence of his absence from the sidebar conferences in question because the record establishes that he was present at the beginning of jury selection and there is no indication that he was absent from those sidebar conferences (see Hawkins, 113 AD3d at 1125).
We reject defendant's contention that evidence was admitted in violation of People v Molineux (168 NY 264 [1901]). The victim's testimony concerning defendant's prior conduct and the photographs depicting the injuries that she sustained during the November 16 incident were relevant to establish that, when defendant entered the home on November 26, he "inten[ded] to commit a crime therein" (Penal Law § 140.25; see generally People v Alvino, 71 NY2d 233, 241-242 [1987]). We reject defendant's related contention that he was denied effective assistance of counsel. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence because his motion for a trial order of dismissal was not specifically directed at the alleged error (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, we " necessarily review the evidence adduced as to each of the elements of the crime[] in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Cartagena, 149 AD3d 1518, 1518 [4th Dept 2017], lv denied 29 NY3d 1124 [2017], reconsideration denied 30 NY3d 1018 [2017]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, the sentence is not unduly harsh or severe.
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court