People v Lobes (2021 NY Slip Op 06278)





People v Lobes


2021 NY Slip Op 06278


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


927 KA 19-01993

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GARY S. LOBES, DEFENDANT-APPELLANT. 






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Philip J. Roche, J.), rendered August 23, 2019. The judgment convicted defendant upon a jury verdict of assault in the second degree, attempted assault in the second degree, assault in the third degree and criminal mischief in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, assault in the second degree (Penal Law § 120.05 [2]), attempted assault in the second degree
(§§ 110.00, 120.05 [1]), and assault in the third degree (§ 120.00 [1]) stemming from his conduct in assaulting his girlfriend on two different dates. We reject defendant's contention that he was denied the right to be present at all material stages of trial due to his absence from sidebar conferences with prospective jurors. A presumption of regularity attaches to judicial proceedings, and that presumption may be overcome only by substantial evidence to the contrary (see People v Velasquez, 1 NY3d 44, 48 [2003]; People v Schilling, 185 AD3d 1433, 1434 [4th Dept 2020], lv denied 35 NY3d 1097 [2020]). "Without more, failure to record a defendant's presence is insufficient to meet defendant's burden of rebutting the presumption of regularity" (Velasquez, 1 NY3d at 48). Inasmuch as the record does not indicate that defendant was absent from the sidebar conferences, we conclude that defendant failed to overcome the presumption of regularity with substantial evidence of his absence from those sidebar conferences (see Schilling, 185 AD3d at 1434).
Defendant failed to preserve for our review his contention that certain counts of the indictment were rendered duplicitous by the victim's testimony at trial (see People v Allen, 24 NY3d 441, 449-450 [2014]; People v Rath, 192 AD3d 1600, 1602 [4th Dept 2021], lv denied 37 NY3d 959 [2021]; People v Zeman, 156 AD3d 1460, 1461 [4th Dept 2017], lv denied 31 NY3d 988 [2018]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see Rath, 192 AD3d at 1602; Zeman, 156 AD3d at 1461).
We reject defendant's contention that he received ineffective assistance of counsel. Although defense counsel's representation was not perfect, viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Finally, the sentence is not unduly harsh or severe.
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court