People v Kitzweger (2025 NY Slip Op 51155(U))

[*1]

People v Kitzweger (Joan)

2025 NY Slip Op 51155(U)

Decided on July 10, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 10, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELENA GOLDBERG-VELAZQUEZ, J.P., JERRY GARGUILO, GRETCHEN WALSH, JJ

2022-308 D CR

The People of the State of New York, Respondent,
against
Joan C. Kitzweger, Appellant. 

Feldman and Feldman (Steven A. Feldman of counsel), for appellant.
Dutchess County District Attorney (Kirsten A. Rappleyea of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Poughkeepsie, Dutchess County (Paul O. Sullivan, J.), rendered April 12, 2022. The judgment convicted defendant, upon a jury verdict, of criminal mischief in the fourth degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Following a jury trial, defendant was convicted of criminal mischief in the fourth degree (Penal Law § 145.00 [1]) and the Justice Court (Paul O. Sullivan, J.) imposed sentence.
Defendant's contention that she was denied the right to be present at all material stages of her trial, allegedly due to her absence from sidebar conferences during jury selection, is without merit (see generally People v Antommarchi, 80 NY2d 247 [1992]). Although this issue need not be preserved for appellate review (see Antommarchi, 80 NY2d at 250; People v Dokes, 79 NY2d 656, 662 [1992]), a presumption of regularity attaches to judicial proceedings, and that presumption may be overcome only by substantial evidence to the contrary (see People v Velasquez, 1 NY3d 44, 48 [2003]; People v Lobes, 199 AD3d 1393 [2021]; People v Schilling, 185 AD3d 1433 [2020]). Here, the record establishes that defendant was present at the beginning of jury selection and that there was only one sidebar discussion, which was right before voir dire of the jury pool. We conclude that defendant failed to overcome the presumption of regularity with substantial evidence of her absence from that single sidebar conference, as there is no indication in the record that she was not present at that sidebar discussion (see Velasquez, 1 NY3d at 48 ["Without more, failure to record a defendant's presence is insufficient to meet the defendant's burden of rebutting the presumption of regularity"]; Lobes, 199 AD3d 1393; Schilling, 185 AD3d 1433; People v Williams, 11 AD3d 810, 812 [2004] ["we decline to speculate that the stenographer's failure to note defendant's presence at a sidebar conference is indicative of his absence"]).
Defendant's contention that the Justice Court failed to swear in the jurors immediately upon their selection, as mandated by CPL 270.15 (2), is not preserved for appellate review, as defendant did not raise the issue before that court (see CPL 470.05 [2]; People v Lebron, 166 AD3d 1069 [2018]; People v Quinones, 18 AD3d 330 [2005]). In any event, defendant's contention is without merit, as the record demonstrates that the court was in full compliance with CPL 270.15 (2). Defendant's contention that the court improperly told the jurors that they could submit written questions for counsel to ask the witnesses is also not preserved for appellate review, as defendant did not object when the court made that statement (see CPL 470.05 [2]; People v Mohammed, 51 Misc 3d 141[A], 2016 NY Slip Op 50639[U] [App Term, 1st Dept 2016]). Moreover, we note that the jurors never submitted any questions. In any event, the decision to permit jurors to submit written questions to a witness is within the trial court's discretion (see People v Holman, 47 AD3d 518 [2008]; People v Miller, 8 AD3d 176 [2004]; People v Bacic, 202 AD2d 234 [1994]; People v Wilds, 141 AD2d 395 [1988]; Mohammed, 2016 NY Slip Op 50639).
Defendant failed to preserve her challenge to the legal sufficiency of the evidence, as defense counsel did not make a motion to dismiss at the close of all of the evidence (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492-493 [2008]; People v Lane, 7 NY3d 888, 889 [2006]; People v Hines, 97 NY2d 56 [2001]; People v Renner, 81 Misc 3d 144[A], 2024 NY Slip Op 50193[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2024]; People v Cook, 82 Misc 3d 12, 15 [App Term, 2d Dept, 9th & 10th Jud Dists 2023]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that defendant's challenge to the legal sufficiency of the evidence is without merit (see People v Acevedo, 67 Misc 3d 136[A], 2020 NY Slip Op 50550[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; see generally People v Danielson, 9 NY3d 342, 349 [2007]). Furthermore, upon exercising our factual review power (see CPL 470.15 [5]; Danielson, 9 NY3d at 348-349), while according great deference to the jury's credibility determinations (see People v Romero, 7 NY3d 633, 644 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we are satisfied that the verdict was not against the weight of the evidence (see People v Challenger-Hinds, 18 Misc 3d 127[A], 2007 NY Slip Op 52411[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]; People v Witzgall, 12 Misc 3d 130[A], 2006 NY Slip Op 51037[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]).
Defendant's contention that the Justice Court erroneously permitted the complainant to speculate that she believed defendant was going to hit her in the face with the instrument that defendant used to damage the jeep is without merit. It was a provident exercise of discretion for the court to overrule the objection and allow the testimony, as it involved the complainant's impression of what she thought was going to happen to her by virtue of defendant's actions (see Prince, Richardson on Evidence § 6—211). In any event, even if it was error for the Justice Court to have allowed this testimony, such error was harmless as the evidence of defendant's guilt was overwhelming and there is no reasonable possibility that this testimony affected the verdict (see People v Cedeno, 27 NY3d 110, 121-122 [2016]; People v Hardy, 4 NY3d 192, 198 [2005]; People v Crimmins, 36 NY2d 230, 241 [1975]). 
Defendant's contention that the Justice Court erred in curtailing defense counsel's cross-examination of the complainant pertaining to her credibility is without merit as the nature [*2]and extent of cross-examination is subject to the sound discretion of the trial court and, here, the record demonstrates that the complainant's cross-examination was not improvidently curtailed or restricted (see People v Parsley, 150 AD3d 894 [2017]; People v Stevens, 45 AD3d 610 [2007]).
Defendant's contention pertaining to the testimony of the police officer who pulled defendant's vehicle over is not preserved for appellate review (see CPL 470.05 [2]; People v Martinez, 164 AD3d 1260 [2018]). In any event, defendant's contention is without merit, as the record demonstrates that the testimony did not deprive defendant of a fair trial, since it did not implicate her in any prior misconduct or uncharged crime (see People v Dragani, 204 AD3d 690 [2022]; Martinez, 164 AD3d at 1262; People v Williams, 163 AD3d 1160 [2018]; People v Woody, 9 AD3d 439 [2004]; People v Hamm, 254 AD2d 535 [1998]; People v Gomez, 253 AD2d 719 [1998]; People v Greeman, 235 AD2d 281 [1997]). In any event, even if it was error for the Justice Court to have allowed this testimony, such error was harmless. 
Defendant's challenge to a remark made during the prosecutor's summation is not preserved for appellate review (see CPL 470.05 [2]; People v Simmons, 97 AD3d 842 [2012]; People v LaPierre, 86 AD3d 619 [201l]; People v Ravenell, 307 AD2d 977 [2003]; People v Brown, 297 AD2d 819 [2002]). In any event, defendant's challenge is without merit as the prosecutor's remark was a fair response to defense counsel's summation (see People v Galloway, 54 NY2d 396, 401 [1981]; People v Salaman, 231 AD2d 464[1996]), and the remark was not so flagrant as to deprive defendant of a fair trial (see People v Wilkinson, 185 AD3d 734, 737 [2020]; People v Williams, 147 AD3d 983 [2017]; People v Fields, 115 AD3d 673 [2014]).
Accordingly, the judgment of conviction is affirmed.
GOLDBERG-VELAZQUEZ, J.P., GARGUILO and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 10, 2025