People v Williams (2020 NY Slip Op 01979)





People v Williams


2020 NY Slip Op 01979


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


147 KA 15-01500

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON R. WILLIAMS, ALSO KNOWN AS ERROL BOWRY, DEFENDANT-APPELLANT.






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN WALTHER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered May 12, 2015. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the second degree (Penal Law
§ 140.25 [2]). Defendant contends that the evidence is legally insufficient to support the conviction because the People did not establish that he entered the victim's home with intent to commit a crime therein. We reject that contention (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). It is well established that "[a] defendant's intent to commit a crime may be inferred from the circumstances of the entry . . . , as well as from defendant's actions and assertions when confronted" (People v Maier, 140 AD3d 1603, 1603-1604 [4th Dept 2016], lv denied 28 NY3d 933 [2016] [internal quotation marks omitted]). Here, we conclude that there is legally sufficient evidence from which a jury could infer defendant's criminal intent, i.e., the victim testified that she saw defendant, who was on the premises without permission, climbing out of her bedroom window, defendant fled when the victim made noise as she walked toward the bedroom, and a television had been moved across the bedroom and was sitting near the window (see generally People v Beaty, 89 AD3d 1414, 1416-1417 [4th Dept 2011], affd 22 NY3d 918 [2013]; People v Pendarvis, 143 AD3d 1275, 1275 [4th Dept 2016], lv denied 28 NY3d 1149 [2017]; People v Hymes, 132 AD3d 1411, 1411-1412 [4th Dept 2015], lv denied 26 NY3d 1146 [2016]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We also reject defendant's contention that Supreme Court erred in its instruction to the jury in response to a jury note requesting a legal definition of the word "enter." The court responded to the note by reading a definition from case law, i.e., that "[t]he entry element of burglary is satisfied when a person intrudes within a [dwelling], no matter how slightly, with any part of his or her body' " (People v Sterina, 108 AD3d 1088, 1090 [4th Dept 2013], quoting People v King, 61 NY2d 550, 555 [1984]). We conclude that the court "respond[ed] meaningfully to the jury's request" (People v Malloy, 55 NY2d 296, 302 [1982], cert denied 459 US 847 [1982]), and that "the charge as a whole adequately conveyed to the jury the appropriate standards" (People v Adams, 69 NY2d 805, 806 [1987]). Finally, the sentence is not unduly harsh or severe.
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court