People v Jenkins (2020 NY Slip Op 03340)





People v Jenkins


2020 NY Slip Op 03340


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., TROUTMAN, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


542 KA 18-00616

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYRONE JENKINS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered January 29, 2018. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the order of protection issued in favor of the complainant and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, his waiver of the right to appeal was knowing, voluntary, and intelligent. At the plea proceeding, defendant acknowledged that he spoke with his attorney about the meaning of the waiver and stated that he understood the rights he was waiving. While the language of the plea colloquy was overbroad, it was coupled with clarifying language in the written waiver stating that certain issues are not covered by the appeal waiver, including the legality of the sentence and plea (see People v Thomas, 34 NY3d 545, 564 [2019]). Defendant's valid waiver of the right to appeal encompasses his challenge to Supreme Court's suppression ruling (see People v Sanders, 25 NY3d 337, 342 [2015]). To the extent that defendant's claim that he was denied effective assistance of counsel at the suppression hearing survives his guilty plea and valid waiver of the right to appeal (see People v Wingfield, 181 AD3d 1253, 1253-1254 [4th Dept 2020]; see generally People v Yates, 173 AD3d 1849, 1850 [4th Dept 2019]), we conclude that it lacks merit (see People v Caban, 5 NY3d 143, 152 [2005]).
Defendant further contends that the court erred in issuing an order of protection in favor of the complainant. As a preliminary matter, we agree with defendant that his waiver of the right to appeal does not preclude us from considering his contention inasmuch as the order of protection was "not a part of the plea agreement" (People v Lilley, 81 AD3d 1448, 1448 [4th Dept 2011], lv denied 17 NY3d 860 [2011]) and is not a part of his sentence (see People v Nieves, 2 NY3d 310, 316 [2004]). At the time of the plea, the People indicated that they would not seek an order of protection and the complainant, defendant's girlfriend, did not request such relief. Under the circumstances of this case, we agree with defendant that the court abused its discretion in issuing an order of protection (see generally People v Monacelli, 299 AD2d 916, 916 [4th Dept 2002], lv denied 99 NY2d 617 [2003]), and we therefore modify the judgment accordingly.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court