People v Sullivan (2020 NY Slip Op 04267)





People v Sullivan


2020 NY Slip Op 04267


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


660 KA 18-01930

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
COREY SULLIVAN, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIELLE E. PHILLIPS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered February 9, 2018. The judgment convicted defendant upon a plea of guilty of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that he did not validly waive the right to appeal. We agree. Here, in describing the nature of defendant's right to appeal and the breadth of the waiver of that right, County Court incorrectly stated to defendant that "by giving up your right to appeal, you are giving up the right to have a higher court . . . see if there was any legal error which brought about your conviction or . . . review any claim that your sentence was unduly harsh or unfair . . . In other words, . . . this case would end here, it would not go to a higher court." Although no "particular litany" is required for a waiver of the right to appeal to be valid (People v Thomas, 34 NY3d 545, 559 [2019]; see People v Lopez, 6 NY3d 248, 256 [2006]), defendant's waiver of the right to appeal was invalid because the court erroneously characterized it as an "absolute bar" to the taking of an appeal (Thomas, 34 NY3d at 565). The better practice is for a court to use the Model Colloquy, which "neatly synthesizes . . . the governing principles" (id. at 567, citing NY Model Colloquies, Waiver of Right to Appeal, http://www.nycourts.gov/judges/cji/8-Colloquies/Waiver%20of%20Right%20to%20Appeal.pdf).
Although the court made an adequate record of the existence and execution of a written waiver of the right to appeal (cf. People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]), we nonetheless conclude that the written waiver did not cure the defects in the oral colloquy because it "muddled" the explanation of the nature and breadth of the appeal waiver. Specifically, it contained conflicting and contradictory descriptions of the rights defendant purportedly waived (see Thomas, 34 NY3d at 566), instead of clarifying "that appellate review remained available for certain issues, most importantly, the validity of the appeal waiver itself" (id. at 564).
With respect to the merits, we perceive no basis in the record to exercise our discretion to modify the sentence in the interest of justice (see CPL 470.15 [6] [b]). We note that defendant has previously been adjudicated a youthful offender and that his plea in this case satisfied two additional burglary charges.
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court