People v Sullivan (2020 NY Slip Op 06929)





People v Sullivan


2020 NY Slip Op 06929


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department


PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN AND BANNISTER, JJ.
660/20
[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
V ORDER
COREY SULLIVAN, DEFENDANT-APPELLANT.
Now, upon the Court's own motion,
It is hereby ORDERED that the memorandum and order entered July 24, 2020 (185 AD3d 1527 [4th Dept 2020]) is vacated and the following memorandum and order is substituted therefor:
Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered February 9, 2018. The judgment convicted defendant upon a plea of guilty of burglary in the second degree.
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of a burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe. The record establishes that the oral colloquy, together with the written waiver of the right to appeal, was adequate to ensure that defendant's waiver of the right to appeal was made knowingly, intelligently, and voluntarily (see People v Thomas, 34 NY3d 545, 564 [2019], cert denied — US — , 140 S Ct 2634 [2020]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Jenkins, 184 AD3d 1150, 1150 [4th Dept 2020], lv denied 35 NY3d 1067 [2020]), and that valid waiver forecloses his challenge to the severity of the sentence (see Lopez, 6 NY3d at 255; People v Hidalgo, 91 NY2d 733, 737 [1998]).
Entered: November 20, 2020 Mark W. Bennett
Clerk of the Court