People v Lewis (2021 NY Slip Op 01636)





People v Lewis


2021 NY Slip Op 01636


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


890 KA 15-01580

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID L. LEWIS, DEFENDANT-APPELLANT. 






MICHAEL JOS. WITMER, ROCHESTER, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered June 3, 2015. The judgment convicted defendant upon a jury verdict of attempted criminal sexual act in the first degree, attempted sexual abuse in the first degree, attempted criminal sexual act in the third degree, coercion in the first degree, endangering the welfare of a child and unlawfully dealing with a child in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted criminal sexual act in the first degree (Penal Law §§ 110.00, 130.50 [1]). We affirm.
We reject defendant's contention that he was denied his right to testify before the grand jury inasmuch as the record establishes that neither defendant nor defense counsel served upon the People a written notice invoking that right (see CPL 190.50 [5] [a]; People v Rumph, 93 AD3d 1346, 1348 [4th Dept 2012], lv denied 19 NY3d 967 [2012]). Although defendant further contends that defense counsel's failure to invoke that right constitutes ineffective assistance of counsel, we conclude that defense counsel was not ineffective for that reason or for any other reason claimed by defendant. Defendant "has not shown that [he] was prejudiced by [his] attorney's failure to effectuate [his] appearance before the grand jury or that the outcome of the grand jury proceeding would have been different if [he] had testified" (People v Robinson, 151 AD3d 1701, 1701 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]; see People v Lostumbo, 182 AD3d 1007, 1009 [4th Dept 2020], lv denied 35 NY3d 1046 [2020]; People v Coleman, 134 AD3d 1555, 1557 [4th Dept 2015], lv denied 27 NY3d 963 [2016]). Viewing the evidence, the law and the circumstances of the case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant's contention that Supreme Court erred in refusing to suppress his statements to the police is moot because the People did not introduce those statements at trial (see Coleman, 134 AD3d at 1557).
Even assuming, arguendo, that defendant preserved for our review his challenge to the court's Sandoval ruling (see generally People v Jackson, 29 NY3d 18, 23-24 [2017]), that ruling did not constitute an abuse of discretion inasmuch as "the parties' arguments before the trial court and the court's subsequent determination show that it weighed the probative value of defendant's prior conviction[s] against [their] potential for undue prejudice" (People v Micolo, 171 AD3d 1484, 1485 [4th Dept 2019], lv denied 35 NY3d 1096 [2020]).
We reject defendant's contention that he was denied the right to be present at all material stages of trial due to his absence from nine sidebar conferences. A presumption of regularity [*2]attaches to judicial proceedings, and that presumption may be overcome only by substantial evidence to the contrary (see People v Velasquez, 1 NY3d 44, 48 [2003]; People v Schilling, 185 AD3d 1433, 1434 [4th Dept 2020], lv denied 35 NY3d 1097 [2020]). Although a defendant need not preserve a challenge regarding the right to be present at a sidebar conference, a defendant alleging the denial of that right must present an adequate record for our review (see Velasquez, 1 NY3d at 47-48; People v Kinchen, 60 NY2d 772, 773-774 [1983]). Inasmuch as the record does not indicate that defendant was absent from any of the sidebar conferences in question, we conclude that defendant failed to overcome the presumption of regularity with substantial evidence of his absence from those sidebar conferences (see Schilling, 185 AD3d at 1434).
With respect to defendant's application pursuant to Batson v Kentucky (476 US 79 [1986]), defendant failed to preserve his contentions that the race-neutral reason offered by the prosecutor was pretextual and that the court employed an erroneous procedure in denying the application (see People v Massey, 173 AD3d 1801, 1802 [4th Dept 2019]). Defendant also failed to preserve his contentions regarding alleged instances of prosecutorial misconduct during summation inasmuch as "defense counsel did not object to certain instances . . . , made 'only unspecified, general objections' to others . . . , and failed to take any further actions such as requesting a curative instruction or moving for a mistrial when his objections were sustained" (People v Gibson, 134 AD3d 1512, 1512-1513 [4th Dept 2015], lv denied 27 NY3d 1151 [2016]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention that the court failed to give meaningful notice of jury notes Nos. 1, 2, and 6 inasmuch as each inquiry in those notes "was nothing more than an inquiry of a ministerial nature . . . , unrelated to the substance of the verdict . . . As a result, the [court] was not required to notify defense counsel nor provide [him] with an opportunity to respond, as neither defense counsel nor defendant could have provided a meaningful contribution" (People v Ochoa, 14 NY3d 180, 188 [2010]; see People v Gelling, 163 AD3d 1489, 1491 [4th Dept 2018], amended on rearg 164 AD3d 1673 [4th Dept 2018], lv denied 32 NY3d 1003 [2018]). Contrary to defendant's further contention, we conclude that the court "respond[ed] meaningfully to the jury's request" in jury note No. 5 (People v Malloy, 55 NY2d 296, 302 [1982], cert denied 459 US 847 [1982]; see People v Williams, 181 AD3d 1298, 1299 [4th Dept 2020], lv denied 35 NY3d 1049 [2020]).
We have reviewed defendant's remaining contentions and conclude that they do not require reversal or modification of the judgment.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court