People v Davis (2021 NY Slip Op 02644)





People v Davis


2021 NY Slip Op 02644


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


347 KA 16-02151

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JADIE M. DAVIS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (HELEN SYME OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered August 11, 2016. The judgment convicted defendant upon a plea of guilty of arson in the second degree and aggravated family offense (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law and as a matter of discretion in the interest of justice by vacating that part of the sentence ordering restitution and by amending the order of protection, specifying that the order of protection in favor of Catherine Clark is to be a no-offensive-contact order, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of arson in the second degree (Penal Law
§ 150.15) and two counts of aggravated family offense (§ 240.75 [1]).
Initially, we agree with defendant that his waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Josue F., 191 AD3d 1483, 1484 [4th Dept 2021]; People v Davis, 189 AD3d 2159, 2159 [4th Dept 2020]). Contrary to defendant's contention, the investigator's statements prior to issuing the Miranda warnings to defendant did not vitiate or neutralize the effect of the warnings (cf. People v Dunbar, 24 NY3d 304, 315-316 [2014], cert denied 575 US 1005 [2015]), and therefore County Court did not err in refusing to suppress his statements to the police (see People v Box, 181 AD3d 1238, 1239 [4th Dept 2020], lv denied 35 NY3d 1025 [2020], cert denied — US &mdash, 141 S Ct 1099 [2021]; People v Jemes, 132 AD3d 1361, 1362 [4th Dept 2015], lv denied 26 NY3d 1110 [2016]).
Defendant failed to preserve for our review his challenge to the voluntariness of his plea because he did not move to withdraw the plea or to vacate the judgment of conviction (see People v Shanley, 189 AD3d 2108, 2108 [4th Dept 2020]). There is a narrow exception to the preservation requirement for the "rare case . . . where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea," thereby imposing upon the trial court "a duty to inquire further to ensure that defendant's guilty plea is knowing and voluntary" (People v Lopez, 71 NY2d 662, 666 [1988]). "Where the court fails in this duty and accepts the plea without further inquiry, the defendant may challenge the sufficiency of the allocution on direct appeal, notwithstanding that a formal postallocution motion was not made" (id.). Here, nothing defendant said during the plea colloquy itself required the court to inquire further before accepting the plea (see Shanley, 189 AD3d at 2109). Moreover, even assuming, arguendo, that the court's duty to inquire as contemplated by Lopez may be triggered by a defendant's statements at junctures subsequent to acceptance of the plea (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; see generally People v Delorbe, 35 NY3d 112, 121 [2020]), defendant [*2]did not say anything during sentencing that required any inquiry (cf. Shanley, 189 AD3d at 2109). We reject defendant's contention that statements appearing in his pre-plea report, which was prepared approximately one year prior to the plea, could trigger the court's duty to inquire (see generally id.; People v Herrera, 150 AD3d 625, 625 [1st Dept 2017], lv denied 29 NY3d 1127 [2017]).
Although defendant failed to preserve his further contentions regarding restitution and the no-contact order of protection for our review, we exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). The People correctly concede that the court erred in ordering restitution, and we therefore modify the judgment by vacating that part of the sentence ordering restitution (see People v McBean, — AD3d &mdash, &mdash, 2021 NY Slip Op 01931, *1 [4th Dept 2021]; People v Meyers, 182 AD3d 1037, 1042 [4th Dept 2020], lv denied 35 NY3d 1028 [2020]). We further modify the judgment by amending the order of protection to specify that the order of protection in favor of Catherine Clark is to be a no-offensive-contact order, rather than a no-contact order, in light of the fact that defendant and Clark share children in common, the court agreed to a no-offensive-contact order during the plea proceeding, Clark requested a no-offensive-contact order, and the People did not object to that modification at the time of the plea (see People v Jenkins, 184 AD3d 1150, 1151 [4th Dept 2020], lv denied 35 NY3d 1067 [2020]; see generally People v Griswold, 186 AD3d 1104, 1105 [4th Dept 2020], lv denied 35 NY3d 1113 [2020]).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court