People v Rodriguez (2021 NY Slip Op 06502)





People v Rodriguez


2021 NY Slip Op 06502


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


884 KA 20-00315

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LUIS RODRIGUEZ, DEFENDANT-APPELLANT. 






KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered September 26, 2019. The judgment convicted defendant upon a plea of guilty of aggravated criminal contempt. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a guilty plea of aggravated criminal contempt (Penal Law § 215.52 [1]). As defendant contends and the People correctly concede, defendant's purported waiver of the right to appeal is invalid. During the plea colloquy, County Court " 'conflated the right to appeal with those rights automatically forfeited by the guilty plea' " (People v Chambers, 176 AD3d 1600, 1600 [4th Dept 2019], lv denied 34 NY3d 1076 [2019]; see People v Mothersell, 167 AD3d 1580, 1581 [4th Dept 2018]) and, therefore, the record does not establish that "defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]). Moreover, the court's explanation that the waiver would foreclose any review by a higher court "utterly 'mischaracterized the nature of the right [to appeal that] defendant was being asked to cede' " (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Youngs, 183 AD3d 1228, 1229 [4th Dept 2020], lv denied 35 NY3d 1050 [2020]).
By failing to move to withdraw the plea or vacate the judgment of conviction, defendant failed to preserve for our review his contention that his plea was involuntary because he did not demonstrate, in a narrative fashion, his understanding of the criminal acts relevant to the charge for which he pleaded guilty (see People v Williams, 118 AD3d 1429, 1430 [4th Dept 2014]). This case does not fall within the rare exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]).
Defendant failed to preserve for our review his contention that the presentence report was incomplete and inadequate (see People v Morrow, 167 AD3d 1516, 1517-1518 [4th Dept 2018], lv denied 33 NY3d 951 [2019]; People v Bradford, 126 AD3d 1374, 1374 [4th Dept 2015], lv denied 26 NY3d 926 [2015]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). We reject defendant's further contention that he received ineffective assistance of counsel based on defense counsel's failure to object to the presentence report (see People v Jones, 148 AD3d 1807, 1808 [4th Dept 2017], lv denied 29 NY3d 1082 [2017]; see generally People v Rivera, 71 NY2d 705, 709 [1988]).
Defendant also failed to preserve for our review his contention that the People failed to comply with the procedural requirements of CPL 400.21 when he was sentenced as a second felony offender (see People v Guillory, 98 AD3d 835, 835 [4th Dept 2012], lv denied 20 NY3d [*2]932 [2012]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). Finally, we reject defendant's contention that the court abused its discretion in issuing a no-contact order of protection in favor of the victim, rather than a no-offensive-contact order (see People v Miller, 183 AD3d 1268, 1269 [4th Dept 2020], lv denied 35 NY3d 1047 [2020]; People v Monacelli, 299 AD2d 916, 916 [4th Dept 2002], lv denied 99 NY2d 617 [2003]; cf. People v Jenkins, 184 AD3d 1150, 1151 [4th Dept 2020], lv denied 35 NY3d 1067 [2020]).
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court