People v Garcia (2022 NY Slip Op 01673)





People v Garcia


2022 NY Slip Op 01673


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, CURRAN, AND BANNISTER, JJ.


223 KA 21-00192

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANGEMAR GARCIA, DEFENDANT-APPELLANT. 






ROBERT M. GRAFF, LOCKPORT, FOR DEFENDANT-APPELLANT.


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered October 21, 2020. The judgment convicted defendant upon his plea of guilty of criminal sexual act in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sexual act in the first degree (Penal Law § 130.50 [3]). We agree with defendant that his waiver of the right to appeal is invalid because Supreme Court " 'conflated the right to appeal with those rights automatically forfeited by the guilty plea' " (People v Chambers, 176 AD3d 1600, 1600 [4th Dept 2019], lv denied 34 NY3d 1076 [2019]; see People v Rodriguez, 199 AD3d 1458, 1458 [4th Dept 2021], lv denied 37 NY3d 1164 [2022]; People v Wright, 193 AD3d 1348, 1349 [4th Dept 2021], lv denied 37 NY3d 969 [2021]) and, therefore, the record does not establish that "defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]). Consequently, the waiver of the right to appeal does not preclude our review of defendant's challenge to the severity of the sentence. Nevertheless, we conclude that the sentence is not unduly harsh or severe.
Defendant did not move to withdraw the plea or to vacate the judgment of conviction, and thus he failed to preserve for our review his challenge to the voluntariness of his plea (see People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]). We reject defendant's contention that this case falls within the rare exception to the preservation doctrine inasmuch as nothing in the plea colloquy "casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (People v Lopez, 71 NY2d 662, 666 [1988]; see People v Davis, 193 AD3d 1352, 1352-1353 [4th Dept 2021], lv denied 37 NY3d 964 [2021]). Furthermore, even assuming, arguendo, that the court's duty to make further inquiry was triggered by defendant's statements during sentencing (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; see generally People v Delorbe, 35 NY3d 112, 121 [2020]) and thus that the rare exception applies here due to the court's failure to inquire into those statements (see Lopez, 71 NY2d at 666), we nonetheless reject defendant's challenge to the voluntariness of his plea inasmuch as defendant's contention that he was coerced into accepting the plea is "belied by his statements during the plea proceeding[]" and his "conclusory and unsubstantiated claim[s] of innocence [were] belied by his admissions during the plea colloquy" (People v Garner, 86 AD3d 955, 955 [4th Dept 2011]; see People v Shanley, 189 AD3d 2108, 2109 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]).
Defendant further contends that the court erred in calculating the duration of the order of protection issued against him without taking into account the jail time credit to which he is entitled (see People v Bradford, 61 AD3d 1419, 1421 [4th Dept 2009], affd 15 NY3d 329 [2010]). Defendant raises that contention for the first time on appeal and has thus failed to preserve it for our review (see People v Nieves, 2 NY3d 310, 315-316 [2004]; People v Davis, 153 AD3d 1617, 1618 [4th Dept 2017], lv denied 30 NY3d 1059 [2017]). In any event, we reject [*2]defendant's contention "inasmuch as a period of postrelease supervision may be included in calculating the maximum legal expiration date of an order of protection" (People v Gonyeau, 144 AD3d 1574, 1574 [4th Dept 2016], lv denied 28 NY3d 1184 [2017]; see CPL 530.12 [5] [A] [ii]; People v Cooke, 119 AD3d 1399, 1401 [4th Dept 2014], affd 24 NY3d 1196 [2015], cert denied 577 US 1011 [2015]; People v Williams, 19 NY3d 100, 101-102 [2012]).
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court