People v Leonard (2022 NY Slip Op 03814)

People v Leonard

2022 NY Slip Op 03814

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, WINSLOW, AND BANNISTER, JJ.

178 KA 17-01043

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FRANKLIN C. LEONARD, DEFENDANT-APPELLANT. 

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
FRANKLIN C. LEONARD, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered January 17, 2017. The judgment convicted defendant upon a jury verdict of attempted murder in the first degree, kidnapping in the second degree, robbery in the first degree and menacing in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [vii]; [b]), kidnapping in the second degree (§ 135.20), robbery in the second degree (§ 160.10 [3]), and menacing in the second degree (§ 120.14 [1]). Assuming, arguendo, that defendant preserved his contention in his main brief that the evidence with respect to his identity as the perpetrator is legally insufficient to support the conviction (see People v Gray, 86 NY2d 10, 19 [1995]), we conclude that the contention is without merit. At trial, two witnesses identified defendant as the perpetrator, and defendant's identity was also " 'established by a compelling chain of circumstantial evidence that had no reasonable explanation except that defendant was the perpetrator' " (People v Daniels, 125 AD3d 1432, 1433 [4th Dept 2015], lv denied 25 NY3d 1071 [2015], reconsideration denied 26 NY3d 928 [2015]; see People v Geroyianis, 96 AD3d 1641, 1642-1643 [4th Dept 2012], lv denied 19 NY3d 996 [2012], reconsideration denied 19 NY3d 1102 [2012]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention in his main brief that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The issues of credibility and identification, including the weight to be given to any inconsistencies in the testimony of the various eyewitnesses, " 'were properly considered by the jury and there is no basis for disturbing its determinations' " (People v Kelley, 46 AD3d 1329, 1330 [4th Dept 2007], lv denied 10 NY3d 813 [2008]).
Defendant's contention in his main brief that Supreme Court erred in refusing to suppress his statements to the police is moot because the People did not introduce those statements at trial (see People v Lewis, 192 AD3d 1532, 1533 [4th Dept 2021], lv denied 37 NY3d 993 [2021]; People v Coleman, 134 AD3d 1555, 1557 [4th Dept 2015], lv denied 27 NY3d 963 [2016]).
Contrary to defendant's further contention in his main brief, the imposition of consecutive terms of imprisonment on the kidnapping and robbery counts is not illegal (see generally People v McKnight, 16 NY3d 43, 47-50 [2010]) and, contrary to his contention in his pro se supplemental brief, his sentence is not unduly harsh or severe.
Defendant's remaining contentions in his main and pro se supplemental briefs are either unpreserved for our review or without merit.
Finally, we note that the certificate of conviction and uniform sentence and commitment form incorrectly reflect that defendant was convicted of attempted murder in the first degree under Penal Law §§ 110.00, 125.27 (1) (g), and those documents must therefore be amended to reflect that he was convicted under Penal Law §§ 110.00, 125.27 (1) (a) (vii); (b) (see People v Morrow, 167 AD3d 1516, 1518 [4th Dept 2018], lv denied 33 NY3d 951 [2019]).
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court