People v Graham (2023 NY Slip Op 02225)

People v Graham

2023 NY Slip Op 02225

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

301 KA 19-01916

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAIRON GRAHAM, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BRAEDAN M. GILLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (JERRY MARTI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered June 20, 2019. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree, endangering the welfare of a child, criminal mischief in the second degree, and criminal contempt in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, the record establishes that he validly waived his right to appeal (see People v Jenkins, 184 AD3d 1150, 1150 [4th Dept 2020], lv denied 35 NY3d 1067 [2020]; People v Work, 180 AD3d 1383, 1384 [4th Dept 2020], lv denied 35 NY3d 995 [2020]). At the plea proceeding, defendant acknowledged that he spoke with his attorney about the meaning of the waiver and stated that he understood the rights he was waiving. Although the language of the plea colloquy was overbroad, it was coupled with clarifying language in the written waiver stating that certain issues are not covered by the appeal waiver, including the legality of the sentence and plea (see generally People v Thomas, 34 NY3d 545, 557-563 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Defendant's valid waiver of his right to appeal forecloses appellate review of his challenges to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255 [2006]) and to Supreme Court's suppression ruling (see People v Kemp, 94 NY2d 831, 833 [1999]). Nevertheless, we reiterate that the better practice is for the court to use the Model Colloquy, "which 'neatly synthesizes . . . the governing principles' " (People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020], quoting Thomas, 34 NY3d at 567; see NY Model Colloquies, Waiver of Right to Appeal, https://www.nycourts.gov/judges/cji/8-Colloquies/Waiver_of_ Right_to_Appeal.pdf [last accessed April 4, 2023]).
Finally, we note that the uniform sentence and commitment form must be amended to correct a clerical error (see People v Thurston, 208 AD3d 1629, 1630 [4th Dept 2022]). The uniform sentence and commitment form erroneously states that defendant was convicted of criminal mischief in the second degree under Penal Law § 142.10, and it should therefore be amended to correctly reflect that defendant was convicted of that offense under Penal Law § 145.10.
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court