People v Brennan (2023 NY Slip Op 05060)

People v Brennan

2023 NY Slip Op 05060

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, GREENWOOD, AND DELCONTE, JJ.

625 KA 22-00598

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MATTHEW BRENNAN, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered March 15, 2022. The judgment convicted defendant upon a plea of guilty of manslaughter in the first degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [4]) and endangering the welfare of a child (§ 260.10 [1]). Defendant's contention that County Court abused its discretion or otherwise erred in sentencing him because the presentence report was incomplete and inadequate is not preserved for our review (see generally People v Rodriguez, 199 AD3d 1458, 1459 [4th Dept 2021], lv denied 37 NY3d 1164 [2022]; People v Morrow, 167 AD3d 1516, 1517-1518 [4th Dept 2018], lv denied 33 NY3d 951 [2019]). We reject defendant's related contention that he received ineffective assistance of counsel at sentencing inasmuch as defendant has not established that the sentence imposed was based upon the lack of information (see People v Vaughan, 20 AD3d 940, 941-942 [4th Dept 2005], lv denied 5 NY3d 857 [2005]; see generally Rodriguez, 199 AD3d at 1459). To the extent that defendant's contention involves matters outside the record, "a CPL 440.10 proceeding is the appropriate forum for review of the . . . claim" (People v Barzee, 204 AD3d 1422, 1423 [4th Dept 2022], lv denied 38 NY3d 1132 [2022] [internal quotation marks omitted]; see People v Jones, 214 AD3d 1410, 1411 [4th Dept 2023]).
We perceive no basis in the record for us to exercise our power to modify the sentence as a matter of discretion in the interest of
justice (see CPL 470.15 [6] [b]).
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court