People v Hubbert (2024 NY Slip Op 02649)

People v Hubbert

2024 NY Slip Op 02649

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

388 KA 19-00660

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ISAAC O. HUBBERT, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (FABIENNE N. SANTACROCE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered March 6, 2019. The judgment convicted defendant, upon a guilty plea, of sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law and as a matter of discretion in the interest of justice by amending the order of protection to specify that it is subject to modification by a subsequent visitation order of Family Court, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of sexual abuse in the first degree (Penal Law § 130.65 [1]). Preliminarily, as defendant contends and the People correctly concede, the record does not establish that defendant validly waived his right to appeal. County Court's "oral waiver colloquy and the written waiver signed by defendant together mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal and the attendant rights to counsel and poor person relief, as well as a bar to all postconviction relief, and there is no clarifying language in either the oral or written waiver indicating that appellate review remained available for certain issues" (People v Porchea, 204 AD3d 1444, 1444 [4th Dept 2022], lv denied 38 NY3d 1073 [2022] [internal quotation marks omitted]; see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Edge, 213 AD3d 1204, 1204 [4th Dept 2023]).
Defendant contends that, although he mentioned during the sentencing proceeding that he wanted a new attorney, the court failed to provide him with an opportunity to explain his complaints about defense counsel. We reject that contention. The record of the sentencing proceeding establishes that defendant was " 'given an opportunity to state the basis for [the] application' " (People v Jones, 173 AD3d 1628, 1630 [4th Dept 2019]; see People v Konovalchuk, 148 AD3d 1514, 1516 [4th Dept 2017], lv denied 29 NY3d 1082 [2017]) and that, additionally, the court heard from defense counsel with respect to defendant's primary complaint (see generally People v Porto, 16 NY3d 93, 101-102 [2010]). We conclude that defendant "failed to proffer specific allegations of a 'seemingly serious request' that would require the court to engage in a minimal inquiry" (id. at 100; cf. People v Dodson, 30 NY3d 1041, 1042 [2017]).
Although defendant failed to preserve for our review his further contention that the order of protection in favor of the victim issued at the time of sentencing should be amended to reflect the conditions agreed to during the plea proceeding, we exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; People v Davis, 193 AD3d 1352, 1353 [4th Dept 2021], lv denied 37 NY3d 964 [2021]). Given that defendant and the victim share a child in common, that the victim wanted defendant to have a relationship with the child, that the court agreed to make the order of protection subject to [*2]modification by a subsequent visitation order of Family Court, and that the People did not object to that condition at the time of the plea, we modify the judgment by amending the order of protection to specify that it is subject to modification by a subsequent visitation order of Family Court (see Davis, 193 AD3d at 1353; People v Smart, 169 AD3d 1525, 1526 [4th Dept 2019]).
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court