People v Howard (2025 NY Slip Op 00598)

People v Howard

2025 NY Slip Op 00598

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

944 KA 21-00741

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THOMAS HOWARD, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (STEPHANIE M. STARE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AERON SCHWALLIE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered January 27, 2020. The judgment convicted defendant upon a jury verdict of robbery in the first degree, criminal possession of a weapon in the second degree, criminal possession of stolen property in the third degree and criminal possession of stolen property in the fourth degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection to expire on January 1, 2045, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]), criminal possession of a weapon in the second degree (§ 265.03 [3]), criminal possession of stolen property in the third degree (§ 165.50), and three counts of criminal possession of stolen property in the fourth degree (§ 165.45 [2], [5]).
Defendant contends that he was denied due process because he was not notified that the People would seek to have the victim make a first-time, in-court identification. In addition, defendant contends that Supreme Court abused its discretion in permitting the first-time, in-court identification because it was unduly suggestive. Initially, we note that defense counsel's general objection at trial was insufficient to preserve defendant's specific contention on appeal (see generally People v Ford, 69 NY2d 775, 776 [1987], rearg denied 69 NY2d 985 [1987]; People v Lewis, 192 AD3d 1532, 1534 [4th Dept 2021], lv denied 37 NY3d 993 [2021]; People v Lewis, 129 AD3d 1546, 1547 [4th Dept 2015], lv denied 26 NY3d 969 [2015]). In any event, defendant's contention is without merit. "[W]hen the People call a witness who may make a first-time, in-court identification, they must ensure that the defendant is aware of that possibility as early as practicable so that the defendant has a meaningful opportunity to request alternative identification procedures" (People v Perdue, 41 NY3d 245, 247 [2023]). "The ultimate determination of whether to admit a first-time, in-court identification, like any evidence, rests within the evidentiary gatekeeping discretion of the trial court," which "must balance the probative value of the identification against the dangers of misidentification and other prejudice to the defendant" (id. at 247-248).
Here, the People did not provide defendant with explicit notice that they would be seeking to elicit a first-time, in-court identification. Nevertheless, the victim described the suspect in the call he made to 911 immediately after the incident and informed law enforcement that he would be able to identify the suspect. Further, although the victim was unable to identify defendant in the first photo array, he asked officers to provide him with photographs in which the individuals' teeth were showing and, upon viewing the new photo array, selected two photographs, one of which depicted defendant. In light of that information, we conclude that [*2]defendant was on notice that an in-court identification was a possibility (see id. at 248, 252).
We further conclude that the court did not abuse its discretion in permitting the first-time, in-court identification. During his trial testimony, the victim established his ability to observe the suspect and described him in detail (see id. at 253). The victim's trial testimony, which occurred only nine months after the incident, mirrored the description of the suspect that he previously gave during the 911 call and when he spoke to the police (see id. at 253). Moreover, the victim's "identification was far from the only evidence linking defendant to this crime" (id.). Law enforcement officers testified that defendant was apprehended in close proximity to a minivan that had been seen entering the parking lot of the building where the robbery took place. The minivan was found to contain the items taken from the victim, as well as defendant's fingerprints and DNA (see id. at 253). We note that the victim did not immediately identify defendant when he was asked at trial whether he would recognize the "person who did this to [him]." Rather, the victim indicated that he would be able to recognize that person by "[h]is teeth." It was not until defendant was asked to stand within two feet of the victim and smile that the victim affirmatively identified him as the person who committed the robbery, which suggests that the victim did not identify defendant as the perpetrator merely because he was the only person at the defense table who was clearly on trial (see id. at 250).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to defendant's identity as the perpetrator (see People v Brown, 204 AD3d 1390, 1393 [4th Dept 2022], lv denied 39 NY3d 985 [2022]; People v Isaac, 195 AD3d 1410, 1410 [4th Dept 2021], lv denied 37 NY3d 992 [2021]; People v Thomas, 176 AD3d 1639, 1640 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]) or with respect to the element of possession (see People v Hensley, 227 AD3d 1548, 1550 [4th Dept 2024]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that a different verdict would not have been unreasonable, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (see People v Cleveland, 217 AD3d 1346, 1349 [4th Dept 2023], lv denied 40 NY3d 933 [2023], lv denied 41 NY3d 942 [2024]; see generally Bleakley, 69 NY2d at 495).
Defendant further contends that the order of protection must be amended because the court erroneously set an expiration date of January 27, 2056. Although defendant's contention is not preserved for our review, we exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). The People correctly concede that the court erred in calculating the expiration date of the order, and we therefore modify the judgment by amending the order of protection to expire on January 1, 2045 (see People v Davis, 193 AD3d 1352, 1353 [4th Dept 2021], lv denied 37 NY3d 964 [2021]).
We have considered defendant's remaining contention and conclude that it does not warrant further modification or reversal of the judgment.
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court